UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Markus King #12A1122
      PLAINTIFF,
    AGAINST

Stephen Wenderlich, Superintendent;
Albert Prack, Director of Special Housing;
Luis Tillinghast, Correctional Guard;
J. Robinson, Correctional Guard;
Tenea (D.S.P), Hearing Officer;
Jamie M. Lamanna (D.S.S) Hearing Officer;
John Doe, Confidential Informant;
Sean J. Kelly, Correctional Guard;
Gary Bels, Correctional Sergeant;
      Defendants.

-CV-
AFFIRMED
VERIFIED
COMPLAINT
§ 1983

STATE OF NEW YORK ) SS.:
COUNTY OF CHEMUNG )

## I. AFFIRMATION

I, MARKUS KING, does hereby affirm under the penalties of perjury pursuant to 28 U.S.C. §1746, and Federal Rule 43 [d], the following to be true and exact:

## II. JURISDICTION & VENUE

1. This is a Civil Suit authorized by 42 U.S.C §1983 to redress the deprivation, and violations under color of state law, or rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. § 1331 and 1343 (1)(2)(3) and (4). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and 2202. Plaintiff's claims for

Injunction Relief are authorized by 28 U.S.C. §2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure, & 28 U.S.C. § 1367.

2. Southport Correctional Facility is located in the Western District is the Appropiate Venue under 28 U.S.C. § 1391(b)(2), because it is the place where the Events giving rise to this Claim occurred.

### III. Parties to Action

3. The plaintiff, MARKUS KING, is and was at all times mentioned herein a prisoner within the New York Department of Corrections and Community Supervision at Southport Correctional Facility.

4. NAME OF DEFENDENT: Stephen Wenderlich
OFFICIAL POSITION: Superintendent
SUED IN: Indivisual & Official Capacity
ADDRESS: Southport Correctional Facility, P.O. Box 2000, Pine City, NY 14871

5. NAME OF DEFENDENT: Albert Prack
OFFICIAL POSITION: Director of Special Housing
SUED IN: Indivisual & Official Capacity
ADDRESS: Campus Building #2, 1220 Washington Avenue, Albany, NY 12226

6. NAME OF DEFENDENT: LOUIS TILLINGHAST
OFFICIAL POSITION: CORRECTIONAL GUARD
SUED IN: INDIVISUAL & OFFICIAL CAPICITY
ADDRESS: Southport Correctional Facility, P.O. Box 2000, Pine City, NY 14871

7. NAME OF DEFENDENT: J. Robinson
OFFICIAL POSITION: CORRECTIONAL GUARD
SUED IN: INDIVISUAL & OFFICIAL CAPACITY
ADDRESS: Southport Correctional Facility, P.O. Box 2000, Pine City, NY 14871

8. NAME OF DEFENDENT: TENEA
OFFICIAL POSITION: DEPUTY SUPT PROGRAMS
SUED IN: INDIVISUAL & OFFICIAL CAPACITY
ADDRESS: Southport Correctional Facility, P.O. Box 2000, Pine City, NY 14871

9. NAME OF DEFENDENT: JAMIE M. LAMANNA
OFFICIAL POSITION: Deputy Supt. SECURITY
SUED IN: INDIVISUAL & OFFICIAL CAPACITY
ADDRESS: Southport Correctional Facility, P.O. Box 2000, Pine City, NY 14871

10. NAME OF DEFENDENT: JOHN DOE
OFFICIAL POSITION: INMATE CONFIDENTIAL INFORMANT
SUED IN: INDIVISUAL CAPACITY
ADDRESS: Southport Correctional Facility, P.O. Box 2000, Pine City, NY 14871

11. NAME OF DEFENDENT: SEAN J. KELLY
OFFICIAL POSITION: CORRECTIONAL GUARD
SUED IN: INDIVISUAL & OFFICIAL CAPACITY
ADDRESS: SOUTHPORT CORRECTIONAL FACILITY, P.O. BOX 2000, PINECITY, NY 14871

12. NAME OF DEFENDENT: GARY BELZ
OFFICIAL POSITION: CORRECTIONAL SERGEANT
SUED IN: INDIVISUAL & OFFICIAL CAPACITY
ADDRESS: SOUTHPORT CORRECTION FACILITY, P.O. BOX 2000, PINECITY, N.Y 14871

13. Each DEFENDANT Named herein, is hereby Identified by Race - Caucasian D.O.C.C.S employees, who deliberately discriminated against the plaintiff a Black African-American Belonging to the NATION OF ISLAM. and at all TIMES Mentioned THROUGHOUT THIS ("AFFIRMED VERIFIED COMPLAINT"), each Defendent acted under the color of state Law to deprive PLAINTIFF OF his CONSTITUTIONAL rights because of his Race, Religion and action(s) of Seeking to Pursue Civil Litigation in this Court. (See, PLAINTIFFS APPENDIX Exhibit  H  ).

## IV. STATEMENT OF FACTS

14. PLAINTIFF, MARKUS KING, a Black AFRICAN-AMERICAN Member of THE NATION OF ISLAM, WHILE CONFINED at SOUTHPORT CORRECTIONAL FACILITY WAS Constantly disrupted during Performing his PRAYERS AND RELIGIOUS STUDIES — by CONFIDENTIAL INFORMANT INSTRUCTED TO YELL AND SCREAM AT THAT EXACT TIME Everyday.

15. Plaintiff stopped defendant Wenderlich during routine security rounds, and made verbal grievances against correctional guard Louis Tillinghast for making verbal threats to plant drugs and weapons on him, because plaintiff became upset with him for fondling him during a pat frisk. Plaintiff had expressed to Tillinghast he was a Muslim and didn't go that way. From that day on, Tillinghast instructed the informant to yell and scream out at plaintiff when he was praying.

16. While in C-block on third floor housing on Eleven Company Defendant Tillinghast and Kelly rushed the plaintiff's cell. A suspicion pat frisk that ultimately turned into a strip frisk occurred, with plaintiff being violantly marched to the shaver.

17. Defendants Tillinghast and Kelly then gave plaintiff a direct order to face the back of the shaver wall. When he complied Tillinghast whispered in his ear, "You complained to the Superintendent and said I'm gay ass-hole!" Violent punches followed. Plaintiff was struck on the side of his face. As a result plaintiff sustained a chipped and disfigurement of upper right front tooth and other contusions and injuries for no sound, rational reason. The plaintiff being handcuffed behind his back the whole time.

18. Defendants had stood plaintiff back up to his feet, then gave him another direct order to lift his legs one at a time, so that they can remove his undershorts to perform an actual strip search unlawfully.

19. Defendant Tillinghast unlawfully invaded plaintiff's body

Cavity by forcefully forcing his finger(s) into plaintiff's Rectum. Which he knew was in violation of policies defined in directive #4910 Control of Search for Contraband Section(#1): "<u>A body cavity search shall be conducted by a facility physician under Central Office physician Guidance</u>".

20. After the sadistic Sexual assault which Several other unknown Guards stood by watching in amusement, without stepping in to Stop it. Plaintiff was denied medical Treatment and told that he was gay, "President Obama made it legal so you can ask and Tell"... The Defendant Belz said laughing at plaintiff.

21. Defendants Demonstrated deliberate indifference to plaintiff's health and mental health by denying him requested Treatment. Instead, they placed him in a drug watch room for seven days where his fecal matter and bodily fluids were searched and inspected for contraband with negative results. He was not allowed to see mental health social Workers for his psychological pain, and physical injuries from assault and Sexual assault.

## V. LEGAL Claims

22. Plaintiff Re-Alleges and incorporates by referencing his Paragraphs (1-through-21) as if fully restated Herein.

23. As a first cause of action, the plaintiff claims that he was "Subjected to unnecessary and Excessive Use of force in a Malicious and Sadistic manner in violation of the Eighth Amendment".

24. Defendant Tillinghast immediately after plaintiff made his verbal grievance to Superintendent Wenderlich, rushed to the plaintiff's cell, Accompanied by defendant Kelly. Together they turned a general pat frisk into a Strip frisk search.

25. Defendant Tillinghast and Kelly violently punched him, struck him on the side of the head, in his ribs, back and side of his face. The whole time plaintiff was handcuffed behind his back and could not pose himself as a threat in any way for forced to be used.

26. As a result of the defendants action, plaintiff sustained a chipped and disfigurement of upper right front tooth, contusions on side of face and head and other injuries for no sound, rational reason where he was handcuffed behind his back.

27. Defendant Tillinghast unlawfully invaded the plaintiff's body cavity by forcing his finger(s) into his rectal cavity. He did this, knowing his Action(s) was in Violation of policies Defined in Directive #4910 control of Search for Contraband Section (H): "<u>A body cavity search shall be conducted by a facility Physician under Central Office Physician Guidance</u>".

28. Defendant Tillinghast while Defendant Kelly held the plaintiff down by applying his weight unto him, did Sexually Assault plaintiff While Several other unknown Guards Stood by Watching in Amusement, without stepping in to stop them. When plaintiff cried out in pain asking for Medical attention, he was told to Shut up, he was gay, "president Obama made it legal so you can ask

and Tell Now"... Defendant Belz area Sergeant Said laughing at plaintiff. As a result of such occurrence the plaintiff sustained Severe painful and Permanent injuries suffered and continues to Suffer Mental anguish, Non-Stop Migraines, Back pain and Chipped disfigured front right tooth.

29. As a Second Cause of action, the plaintiff claims that he was "Subjected to unlawful Sexual harassment and touching to Violate religious Belief..." Pursuant to first, Eight and fourteen amendments.

30. Defendant Tillinghast exersized indifference where he knew plaintiff was a black African-American member of the Nation of Islam. When he persisted to fondle him during pat frisks, by Squeezing and rotating his penis, Alleging he knew gay Muslim men.

31. Defendant Tillinghast deliberate State of mind is Shawn, when he whispered into the plaintiff's Ear, "You Complained to the Superintendent and Said I'm gay Ass-hole!" He said this prior to Assaulting plaintiff, Then forcing his fingers into his rectum while Other Guards watched and did Nothing.

32. As a result of defendants action(s) the plaintiff Suffered Mental and physical injuries. Including thoughts of killing himself, which he was denied Mental Counseling for.

33. As a Third Cause of action, the plaintiff claims that he was "Subjected to a false Retaliatory Misbehavior report" pursuant to the first and fourteen amendments based on Verbal Grievances Made to his

Supervisor.

34. Defendants Tillinghast and Robinson exersized deliberate indifference, where they lodged false Misbehavior reports alleging that the plaintiff possessed a weapon and green leafy substance that they alleged to had obtained from him falsely.

35. As a fourth cause of action the plaintiff claims that he was "subjected to Malicious prosecution at (2) Two Inmate Disciplinary Tier hearings," pursuant to the fifth and fourteen amendments.

36. Defendant Tillinghast exercised Deliberate indifference to the plaintiff's health and safety, where he knowingly, willingly, and unlawfully fondled him sexually knowing he was a black Muslim, A member of the Nation of Islam. and, he did encourage his confidential informant to harass him during his prays. On October 10, 2013, he wrote a false Misbehavior report to retaliate against plaintiff for making verbal grievances against to defendant Wenderlich during his raltine rounds.

37. Defendant Wenderlich exercised indifference when he received and reviewed the reports written by Defendants Tillinghast and Robinson. and, after recognizing the falsility, he still sided with his Pro-White Prison. Official and deemed plaintiff had to be punished for complaining to him, and alleging that Tillinghast was committing Homosexual acts upon him. Therefore, he assigned a hearing officer to paticularly preside over hearing, and finding him guilty.

38. Defendant Tenea and Wenderlich knew prior to Tenea being Designated by Wenderlich, to conduct the Tier hearing on his behalf, that all the charges in the report were false. The Defendants Blatantly ignored this so as to punish plaintiff for his verbal Grievances. Which is the Exact reason Tenea was designated to be the hearing Officer by Wenderlich to Entertain the issues addressed in verbal grievances to him prior to Writing of Ticket.

39. On October 10, 2013, Defendant Tillinghast issued his Misbehavior report against the plaintiff, charging him with Weapons possession and Smuggling. alleging that "While performing a Strip Search on the plaintiff Mr. King, he observed a white package containing a ceramic razor and a green leafy substance in plaintiff's rectal area. That same day, Defendant Robinson wrote a second false Misbehavior report charging the plaintiff with drug possession and stated that the green leafy substance tested positive for MaraJuana.

40. At his Tier (3) hearing, The plaintiff pled not guilty to all charges and stated in his defense that the Charges were made in retaliation for a previous altercation he had Experienced with defendant Tillinghast earlier that Month. He called Two witnesses, Inmate Bell and Inmate Sheldon Thomas to testify in support of his retaliation Defense.

41. Defendant Tenea Operating on behalf of defendant Wenderlich who was aware of the prior incident with Tillinghast, Tenea when he called Inmate Bell, and was requested by the

plaintiff to question him regarding his first-hand knowledge of the plaintiff's previous altercation with Tillinghast. Defendant Tenea failed to pose any questions regarding the prior altercation to inmate Bell.

42. Defendant Tenea further acted indifferent, where he denied the plaintiff's request to call inmate Thomas, denominating Thomas as a redundant witness who was not near the location of the incident.

43. Defendant Tenea had called Defendant Tillinghast and Robinson to testify at the hearing. Although Defendant Robinson's testimony can be heard on the hearing tape, Defendant Tillinghast's testimony appears not to have been recorded. Plaintiff later objected to Defendant Tenea's refusal to allow him to question Officer Tillinghast about prior altercation and his possibly retaliatory submission of a false behavior report, questions that were relevant to his defense.

44. Defendant Tenea arbitrarily found the plaintiff guilty of all charges and sentenced him to twelve months SHU. Hearing officer Tenea stated in his written disposition that he based his determination in part on defendant Tillinghast's verbal testimony. Superintendent Wenderlich later modified the penalty to nine months in SHU. "based on knowing the situation and feeling the penalty too harsh."

45. A reversal and rehearing was ordered by Director of Special housing on January 9, 2014.

46. Defendant Lamanna knowingly, willingly and unlawfully exercised deliberate indifference, where Lamanna knew upon commencing the rehearing that he was doing so on a defective misbehavior report written by Defendant Robinson that failed to give plaintiff the adequate notice required by policies, statues and state laws.

47. Plaintiff contends that Lamanna examined and found him guilty on Robinson's report that states that he was guilty of possession of a green leafy substance that was handed

to him by defendant Tillinghast who had alleged to have recovered such substance from the plaintiff. Defendant Robinson's Report failed to provide plaintiff with the adequate details to notice: [A] Notice of Incident location, [B] Notice of plaintiff's actual Connection to the Drugs tested, [C] His detailed knowledge from fact Ascertained by him of such Connection, [D] Date of incident in which drugs was recovered as the Date and Time of incident; and [E] Suspected Drug Testing Information.

48. Defendant Lamanna exercized indifference, when he knew from the start of first hearing held on the Report, Defendant Robinson Testified at that first hearing verifying through his own Testimony that he never Ascertained the facts relevant to the incident whatsoever, nor was he present to observe the incident to say how Drugs came about. Lamanna knew this, but still found plaintiff guilty upon the Report which he could not defend against.

49. Defendant Lamanna Further Acted indifferent, where he revealed in his Disposition A Statement of the Scientific principals and Validity of Testing materials and procedures used, As well as photocopy of individual test instructions used. All Documents he Refused to produce to plaintiff to use As a Basis to Defend himself.

50. Defendant Lamanna Denied plaintiff the process he was due where he was not Brought to the Tier hearing to hear the charges and provide his Defense. Nor did he Investigate for himself whether Guards were lying when they alleged plaintiff refused to attend. Based upon the merit of his retaliation Defense, and the proof he intended to submit to prove that Defendant Tillinghast had orchestrated the entire situation, and had done so due to plaintiff's verbal grievances made to Superintendent Wenderlich— which defendent Tenea First Guilty Determination was overturned on appeal because of his actions of deliberately not Allowing the information to be put on the Record. Lamanna's Action(s) was in Furtherance of Tenea's initial Actions not to Allow plaintiff to appear and Testify about Tillinghast and the Confidential Informants Retaliation.

51. Defendant Lamanna performed Exactly each and Every violation as Defendant Tenea, from: (a). Not allowing and calling inmate Bell as the requested witness the rehearing was ordered to allow to testify about his first-hand knowledge of Tillinghast and the confidential informants retaliation. (b). Defendant Tillinghast and Robinson's testimony were contradictory, and did not lay a basis for the charges against plaintiff.

52. Further defendant Lamanna Exercized deliberate indifference, where he recorded that the hearing concluded on the 23rd of January, 2014 but clearly took witnesses testimony on the 24th, Which exceeded the fourteen day time limit. and each allegation stated in this section apply to Tenea and Lamanna Equally.

53. Defendants Albert Prack acted with deliberate indifference, When he personally Reviewed plaintiff's Appeals, assessing each violation and finding that they did not warrant a full reversal and expungment. Instead he chose to modify the penalties essentially Asquiesing, Condoning, Encouraging and Assisting the actions of the others in the harsh, abitrary and discriminatory treatment initiated by Tillinghast.

54. Defendant Albert Prack's determination of penalties Consisted of: Reversal of hearing and ordered rehearing to be Commenced within 14 days on January 9, 2014, instead of complete reversal and expungment he knew plaintiff was entitled to based on his first-hand knowledge of the circumstances that had been communicated to him.

55. As a result plaintiff suffered: Excessive restricted Isolation, No Exercize, insomnia and weight loss.

56. As A Fifth cause of action, The plaintiff claims that he was unlawfully " subjected to the infringement of Exercising his religious belief, as a member of the nation of Islam"

57. The plaintiff relies upon the Applicable language of the first and fourteen Amendments

of the United States Constitution, which prevents Government and/or their Agents from intentionally Disrupting the exercize of Religion without a Rational Penological Reason. Defendants Wenderlich, Tillinghast, Kelly and John-Doe ("Inmate Informant") (Subordinate Personnel) and each of them, acting both individually and in concert of action wherein Said Defendants Asquiesed, Condoned, encouraged, and Assisted the action(s) of the others in a deliberate effort to Single out plaintiff as a Member of the Nation of Islam Muslims for harsh, Arbitrary, and Discriminatory Treatment with regard to his Muslim Religious Rights. The Defendants Deliberately Deprived him of his Right to Religion, and their actions in doing so were not merely Negligent, There was no Rational Reason in the actions taken by them.

58. Defendant Tillinghast a Correctional Guard in a leading position of the New York State Department of Corrections & Community Supervision Gang intelligent unit. Did express to plaintiff During a Patfrisk wherein he fondled, squeezed and twisted his groin area — That he knew what he was doing was against plaintiff's Religion — Where he stated he knew some Muslims who were Gay.

59. Defendant Tillinghast and defendant John Doe (Confidential Inmate Informant) exercized indifference where Tillinghast gave this agent instructions to Disrupt plaintiff's prayer by yelling, screaming at him everytime he attempted to do so, solely to break his Concentration upon Connecting with the most high and for no other Reason.

60. Defendant Tillinghast and Kelly exercized deliberate indifference, where they both sexually Assaulted him. They did this with Kelly holding the plaintiff down and Tillinghast shoving his fingers in plaintiff's rectum knowing that Said action(s) is limited to being performed by a facility physician. These defendants over rode that protocol with any Legitimate Rational Reason, so to call him a gay muslim — where they state "Obama made it legal now, so you could ask and Tell now"...

61. Defendant Wenderlich exercized Deliberate indifference where he was made aware Through a verbal grievance by the plaintiff During his Routine rounds Through the Facility, That the Defendant Tillinghast had committed Sexual Attack by fondling, Squeezing and Twisted his groin area — and he did nothing, infact he told Tillinghast of plaintiff's Complaint and allowed him to Take his sexual Assault further by placing fingers inside plaintiff's Rectum.

62. As a result of the defendant actions, The plaintiff was prevented From praying which is how he exercizes his religion. He Also was Sexually violated which is against the Tenets of the Faith Basis belief of his religion, which prohibits Same Sex relations. The plaintiff was Suffered Constant nightmares, Causing insomnia, humiliation and mortification by Guards who knew of the incident Telling other inmates plaintiff is not a real muslim because he is Gay Now.

## VII. INJURIES SUFFERED

63. plaintiff realleges and incorporates by referencing paragraphs (1-Through 62) As if fully stated herein.

64. plaintiff Suffered    ! First Amend violation of his right to exercize freedom of religion.

65. plaintiff Suffered prison Guard Assault unnecessarily, causing Contusions to his head and the side of his face. as well as one of his front teeth to break.

66. plaintiff Suffered Sexual Assault by prison Guards where they penetrated his Rectum with their finger without legitimate Authorization.

67. Plaintiff Suffered Due process violation at inmate Disciplinary hearing; where he was found Guilty at the first hearing being Denied Witnesses, The right to have Witnesses Testifying Testimony To be Thoroughly recorded and to ask Questions relevant to his

Defense... After a reversal A Second hearing Caused him to be Forced not to Show up at hearing due to Threat and intimidation and Sponsored the same violation as the first hearing.

68. plaintiff Suffered from all the Above abuse, The physical and Sexual Assault, insomnia, nausea, headaches, Burning of eyes, AGGravation To hand wound, inability To exercize, Appetite loss, Thoughts of Suicide, The pain from broken Front tooth and extended period of Shu Time.

69. plaintiff Shu Confinement is atypical where he was placed on level one restricted Confinement Pursuant to the progressive inmate movement system. He was Deprived of cell clean up, Showers, exercize, in addition his limited rights to Communicate on visits with family, loss of visitation and Communication with any other inmate in General population Allowed to participate in programs.

70. plaintiff Seeks damages upon any other injury that the Court may deem Just and proper upon it's finding in the interest of Justice.

## VII. RELIEF SOUGHT

Wherefore, The plaintiff Markus King, Respectfully prays that this Court enters Judgment in his Favor Granting:

71. Compensatory Damages Divided amongst each defendant, Jointly and Seperately to amount Sufficiently To equal $500,000

72. Punitive Damages Divided amongst each defendant, Jointly and Seperately To amount Sufficiently To equal $1,000,000

73. A Jury Trial on all issues Triable by a Jury.

74. A Declaratory Judgment Declaring:
(A). The physical abuse of the plaintiff by Defendants L. Tillinghast and Kelly violated the plaintiff's right under the eight Amendment To united states Constitution, and Constituted an Assault and Battery, and a Sexual Assault under state Law.

(B). The infringement of the plaintiff in participating in practicing his religion by preventing him from praying, and believing same sex activity is wrong, by Defendants Wenderlich, Tillinghast, Kelly and John Doe (Confidential Inmate Informant) under the first amendment to the united States Constitution, and Constuted a Violation of first amendment right to exercize religion.

75. An injunction order — Permanent removal from employment as civil service employees each defendant found liable of any claim alleged, along with a Permanent Seperation between plaintiff and each Defendant Named in This Action.

76. Attorney Fees and costs, Court fees, Together with any such additional relief This court may deem Just and proper.

## VIII. VERIFICATION

Plaintiff has read the Contents of this Affirmed complaint, and being Duly sworn, Says that the foregoing is well known to him, and that the same is True and exact, except to any Matter Therein Stated on information and belief, and To those Matters he believes them To be True.

Dated: August 11. 2014
Pine City N.y 14871

_Marttus King_
— Signature —