UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____ PLAINTIFF,

_____ Against _____

_____ DEFENDANTS.

— CV —

AFFIDAVIT IN SUPPORT
OF AFFIRMED VERIFIED
Complaint & SUMMARY
Judgement

STATE OF NEW YORK ) SS,:
County of CHEMUNG )

I _Markus King_, being Duly SWORN hereby deposes And Says:

1. I AM THE Above PLAINTIFF IN THE Caption, AND I AM RESPECTFULLY MAKING THIS AFFIDAVIT IN SUPPORT OF MY AFFIRMED VERIFIED Complaint, AND MY OPPOSITION DISPUTING DEFENDANTS MOTION FOR SUMMARY Judgement.

2. AT All TIMES RELEVANT HERETO, I WAS AN INMATE HELD IN THE Custody OF NEW YORK STATE Department OF Correctional AND Community Supervision, AT Southport Correctional Facility.

3. AT All TIMES RELEVANT hereTO, THE DEFENDANTS WERE Employees OF NEW YORK STATE Department OF Corrections & Community Supervision. ("Complaint")

4. I HAVE ALLEGED IN THE AFFIRMED VERIFIED Complaint THAT THE DEFENDANTS Deliberately VIOLATED Constitutional RIGHTS, AND Denied others While I WAS INCARCERATED AT Southport September 2013, To THE Current Date of THE Filing OF THIS Law Suit. ("Complaint")

5. I believe THE Court AS A MATTER OF LAW, should ACCEPT MY AFFIRMED

VERIFIED COMPLAINT AS AN SWORN VERIFIED AFFIDAVIT IN OPPOSITIONS TO THE DEFENDANTS MOTIONS FOR SUMMARY JUDGEMENT, ALONG WITH THE AFFIRMATION SUBMITTED by WITNESSES ATTACHED TO THE APPENDIX.

6. THE REASON(S) I BELIEVE I AM ENTITIED TO THE RELIEF THAT IS REQUESTED, IS BECAUSE DEFENDANTS ACTIONS WERE DELIBERATE AND INTENDED TO VIOLATE CONSTITUTIONAL RIGHTS AND INFLICT PHYSICAL AND PSYCHOLOGICAL BY DOING SO. I HAVE NO OTHER MEANS TO SEEK REMEDIES FOR THESE TYPE OF ACTION BUT THIS COURT, AND I PRAY THIS COURT WILL GRANT ME ITS PROTECTION.

WHEREFORE, THE PLAINTIFF REQUEST IN OPPOSITION THAT SUMMARY JUDGEMENT BE GRANTED IN HIS FAVOR AGAINST EACH AND EVERY DEFENDANT, AND ANY OTHER RELIEF THIS COURT MAY DEEM JUST AND PROPER.

DATED: August 11. 2014
PINE CITY, NY 14871

Markus King
— Signature —

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—CV—

_____
            PLAINTIFF,
_____ AGAINST _____

        DEFENDANTS.
_____

MEMORANDUM OF LAW

IN SUPPORT OF AFFIRMED

VERIFIED COMPLAINT

ON BEHALF OF PRO-SE PLAINTIFF...

CC: Hon. Eric Schniederman
      Attorney General

                    Faithfully Submitted,
                    Marleen Kent
                    - Signature -

# TABLE OF CONTENTS

PRELIMINARY STATEMENT..........................

POINT: I. Summary Judgement STANDARDS.................

POINT: II. DEFENDANTS ARE NOT ENTITLED TO ELEVENTH
AMENDMENT IMMUNITY.............................

POINT: III. Eight AMENDMENT UNNECESSARY AND EXCESSIVE USE
OF FORCE.......................................

POINT: IV. FIRST AMENDMENT INFRINGEMENT OF RIGHT TO
EXERCIZE RELIGION..............................

POINT: V. FOURTH AND EIGHT AMENDMENT ILLEGAL SEARCH AND
SEXUAL TOUCHING................................

POINT: VI. Procedural AND Substantive DUE Process violation
AT TIER HEARING...............................

POINT: VII. FIRST AMENDMENT RETALIATION FOR verbal GRIEVANCES..

POINT: VIII. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED
IMMUNITY.......................................

CONCLUSION:....................................

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PLAINTIFF,

— against —

DEFENDANTS.

— CV —

MEMORANDUM OF LAW
IN SUPPORT OF
AFFIRMED VERIFIED
COMPLAINT...

## PRELIMINARY STATEMENT

The PLAINTIFF, <u>Markus King</u>, PRO-SE has Filed A Civil Right Complaint RAISing ("FIVE") Causes of Actions to be decided by This Court. Specifically, THE PRO-SE AFFIRMED VERIFIED Complaint brings PURSUANT TO 42 U.S.C § 1983, Allegations Supported by SWORN FACTS That VARIOUS OFFICIALS AND/OR DOCCS Employees have Violated His FIRST, FIFTH, EIGHT AND/OR FOURTEEN AMENDMENTS While he WAS INCARCERATED AT Southport Correctional FACILITY.

THE DEFENDANTS MAY AFTER _____ ; ANSWERING THE Complaint, MOVE FOR SUMMARY Judgement. THIS Court IS NOW BEING REQUESTED IN THAT INSTANCE TO GRANT SUMMARY Judgement IN FAVOR OF THE PLAINTIFF, AS THE RECORD ITSELF illustrates DEFENDANTS' WENDERLICH, LAMANNA, TANEA, Tillinghast, Kelly, BELZ AND Confidential INFORMANT did ACT WITH THE Necessary STATE OF MIND TO be Found LIABLE FOR EACH CAUSE OF ACTION(S) Alleged IN THE AFFIRMED VERIFIED Complaint, WHICH Establishes DISPUTES OF FACTS WORTHY OF A Jury TRIAL.

## POINT: I
### SUMMARY Judgement STANDARD

TO GRANT SUMMARY Judgement, THE Court MUST determine THAT

NO GENUINE ISSUE OF MATERIAL FACTS AND THAT THE MOVING PARTY IS ENTITLED TO JUDGEMENT AS A MATTER OF LAW ( SEE Fed. R. Civ. P. 56 [c] ). THE COURT IS NOT " TO WEIGH THE EVIDENCE AND DETERMINE WHETHER THERE IS A GENUINE ISSUE FOR TRIAL". ANDERSON V. LIBERTY LOBBY, INC, 477 U.S 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). SUMMARY JUDGEMENT IS INAPPROPIATE IF, RESOLVING ALL AMBIGUITIES AND DRAWING ALL INFERENCES AGAINST THE MOVING PARTY, THE DISPUTE ABOUT A MATERIAL FACT IS " SUCH THAT A REASONABLE JURY COULD RETURN A VERDICT FOR THE NON-MOVING PARTY." Id. at 248-49, 106 S. Ct. 2505 ( Citing Adicks V. S.H. KRESS & C.O., 398 U.S, 144, 159, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

TO DEFEAT THE MOTION, HOWEVER, THE non-MOVING PARTY " MUST do More THAN Simply SHOW THAT There is Some Metha Physical doubt As TO THE MATERIAL FACTS.' Mat SuShita ELEC. INDUS. CO. V. ZENITH Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). This is PARTICULARLY TRUE FOR THOSE ON WHICH the Non-Moving PARTY Would bear the burden OF PROOF AT A TRIAL. See. Celotex CORP. V. CATRETT, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Although The SAME STANDARDS OF SUMMARY JUDGEMENT APPLY WHEN A PRO-SE Litigant Should be given Special Latitude IN RESPONDING TO A SUMMARY JUDGEMENT MOTION. See Mcpherson V. Coombe, 174 F. 3d 276, 279 (2d CIR. 1999) ( COURTS " Read The PLEADINGS OF A PRO-SE PLAINTIFF Liberally AND INTERPRET them TO RAISE THE STRONGEST ARGUMENTS THEY Suggest" [quoting BURGOS V. HOPKINS, 14 F.3d 787, 789 (2d CIR. 1994)).

FURTHER, SINCE The PLAINTIFFS AFFIRMED VERIFIED COMPLAINT, IS VERIFIED By him Attesting UNDER PENALTY OF PurJury That THE STATEMENTS IN The COMPLAINT WERE TRUE TO THE BEST OF his KNOWLEDGE. A VERIFIED COMPLAINT IS TO BE Treated AS AN AFFIDAVIT FOR SUMMARY JUDGEMENT PURPOSES, AND

Therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an ... affidavits under Rule 56(e). See, e.g., Fed. R. Civ. P. 56(e) requiring affidavits to be made on personal knowledge, to set forth facts that would be admissible in evidence, and to demonstrate the affidant's competency to testify to the matters in the affidavit); King v. Dogan, 31 f. 3d 344, 346 (5th Cir. 1994) (a verified pleading may serve as an affidavit for the purposes of Rule 56(e); Williams v. Griffin, 952 f. 2d 820, 823 (4th Cir. 1991) (same); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1339, at 152 (1990) (noting that a verified pleading may serve as an affidavit only if it contains facts known to be true in the affidant's own knowledge and if it has a certain level of factual specificity).

## POINT: III.
## DEFENDANTS ARE NOT ENTITLED TO ELEVENTH AMENDMENT IMMUNITY...

The Eleventh Amendment is not a bar to suits in equity against state officials. See, Keys, 1997 U.S. Dist. Lexus 4858, 1997 WL 187368, at *4 [ Citing Dube v. State Univ. of New York, 900 f. 2d 587, 595 (2d Cir. 1990) ]. "A state official acting in his official capacity may be sued in federal forum to enjoin conduct that violates the federal Constitution, notwithstanding the Amendment bar". Dube, 900 f. 2d at 595.

Plaintiff seeks an order from the court requiring " the defendant [to] provide for the plaintiff: (i). Permanent Seperation between plaintiff and all defendants; (ii) Permanent Termination for Civil Service employee of each defendant.

(See, affirmed verified Compl. at ¶ 14, 15). Thus to the extent the above , prospective injunctive relief is sought the Eleventh

Amendment and Sovereign Immunity do Not bar the Claim. See, Davis, 316 F.3d at. 102. " Action involving Claims For Prospective declarations or Injunctive Are Permissible provided The Official against Whom the action is brought has a direct Connection to, or Responsibility For, the Alleged illegal action." Loren v. Levy, 2003 U.S. Dist. Lexis 4903, 2003 WL 1702004, at *11 (S.D.N.Y) March 31, 2003) (quoting Davidson v. Scully, 148 F. Supp. 2d 249, 254 ( S.D.N.Y. 2001) (other Citations omitted); Accord Glass v. Coughlin, 1991 U.S. Dist. Lexis 7278, 1991 WL 102619, at *2 (SDNY May 29, 1991) (Personal          Involvement of an Official sued in his official Capacity is Not necessary Where the Plaintiff is Seeking only injunctive or declaratory relief under 42 U.S.C. §1983).


## POINT III.

## Eighth Amendment unnecessary and Excessive use of Force

The Eighth Amendment Prohibits the "unnecessary and Wanton infliction of pain" and is the Source of Claims for Excessive Force under Section 1983. Whitley v. Albers, 475 U.S. 312, 319 (1986) Analysis of an Excessive Force Claim Contains both objective and Subjective inquiries. An Official's Conduct violates the Eighth amendment when (1) the Conduct is "Objectively Sufficiently Serious," and (2) The Prison Official acts with a "Sufficiently Culpable [guilty] State of Mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (Internal Quotation marks omitted).


Defendants may argue that Summary Judgement should be granted because the physical injuries, if any, were de Minimis. and the Plaintiff's Psychological injuries and psychological pains suffered Were

not sufficiently serious to satisfy the eight amendment standard. The use of force was more than de minimus, the objective component of a claim for excessive force under the eighth amendment is satisfied if the injury suffered results from something more than a de minimus use of force. See, Hudson v. McMillian, 503 U.S. 1, 9-10 (1992), Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994). As an initial matter, it is Common Sense, Defendant shall Contend that Guards Tillinghast and Kelly never actually used force against the plaintiff, or even had any physical Contact with him. The argument, however, is hotly disputed and Thus, Summary Judgement must be denied. See, e.g., Allah v. Cox, NO 96-Cv-1225, 1998 WL 725939 at *2 n.2 (N.D. N.Y Oct. 9, 1998) Summary Judgement denied where Correctional Officer's Version of events is expressly Contradicted by inmates). Alternatively, They may Contend that if force was used by Tillinghast — That force Was Merely grabbing and pulling — and was de minimus. But, the evidence shows that Mr. King was shoved, pushed into a shower Wall while hand Cuffed behind his back, and punched Repeatedly all the while Curses and Threats Were being shouted at plaintiff base on verbal grievance he Made to the Superintendent Defendant Wenderlich. King Suffered bruises to the left side of his eye, face, head. His front tooth Was chipped and broken. Such Visible injuries are more than Sufficient to Sustain an eighth amendment action. See, e.g. Griffin v. Crippen, 193 F.3d 89, 91 (2d Cir. 1999) (Reversing District Court's determination that inmate's bruised Shin and swelling over left Knee Were de Minimus as a matter of Law); Smith v. Marcellos, 917 F.Supp 168, 171-73 (WDNY 1995) (abrasion under left eye, small laceration near ear, four Superficial skin tears on upper Calf, and Slightly Swollen Wrist, Resulting from attack by a Corrections officer is unprovoked or without Sufficient Justification, Courts Generally will Deny Summary Judgement.

See, e.g., Corselli v. Coughlin, 842 f. 2d 23, 27 (2d Cir. 1988) (Reversing Summary Judgment Where Jury Could find defendant initiated argument and Struck inmate without Justification). Aff'd 1164 f. 3d 618 (2d Cir. 1988).

## POINT: IV
## first Amendment Infringement of Right To Exercize Religion...

plaintiff contends according to the #__FIFTH__ Cause of action against Defendant's Louis Tillinghast, Kelly, John Doe Confidential Informant, Gary Belz And Stephen Wenderlich. As it is alleged that the plaintiff a Member of the Nation of Islam Was deprived his right of Freedom to Exercize and Study his religion.

The Supreme Court has ruled " While in prison, an inmate Maintains the right to Observe and practice the religion of his Choice". See, Cruz V Belo, 405 U.S 319, 322, 92. S. Ct. 1079, 1082-83, 31 L. Ed. 2d 263, 268 (1972). The affirmed Verified Complaint alleges facts that State Claims under Standard. (See, affirmed verified Compl. at ¶¶ 57 - 62). The first amendment to the Constitution is the Most basic protection of One's right to religion and religious Freedom. The amendment itself Says that " Congress shall make No law respecting an Establishment of religion, OR Prohibiting the Free exercize Thereof... " The Second part of this           amendment, Known as the free exercize Clause means that government Cannot prevent the practicing of Religion. Although This be a fact, under the free Exercize Clause, prison Officials can impose Restrictions on the Exercize of Religion that are " reasonably related" to Legitimate prison goals, Turner V. Safely, 482 U.S. 78, 74, 107 S. ct. 2254, 2261, 96 L. Ed. 2d 64, 79 (1987).

In this Case at bar, it is absolutely obvious that the Defendants had no "Reasonably Related" legitimate Prison goals involved in their Decision-making, and in the action they deliberately took, or encouraged against the plaintiff.

# [A.] CONTENTION: TILLINGHAST AND CONFIDENTIAL INFORMANT:

The affirmed Verified Complaint states in Relevant part, that Defendant Tillinghast during a general patfruk fondled, squeezed and twisted the plaintiff's groin. And, when plaintiff protested the Defendant allegedly Commented stating he knew Muslim Men who were gay. As a Result of this incident A Verbal grievance was made to facility Superintendent, Defendant Wenderlich, while during his routine rounds within the facility. In the Mean Time, Defendant Tillinghast had given instruction to Defendant John Doe Inmate Confidential Informant to bang, yell And Scream when he knew plaintiff was studying his religious Materials or praying.

A Jury could Reasonably find that such actions make the defendants liable at a Trial. In the Case, Rowe. V. Davis, 373 F. Supp. 2d 822, 826, the Court determined reading religious literature is a part of the way Mr. Rowe practices and expresses his religious beliefs. Therefore, reading his Religious Literature is a religious Exercize ... And the taking of his Religious literature was a Substantial burden on his religious Exercize of Religious literature". Although, here the Material was not taken, the Prevention of reading and praying Came Through defendant Tillinghast instructions to the defendant John Doe Inmate Confidential Informant to Bang, Yell and Scream at precise time Reading and praying were Occurring so as to disrupt that intentionally. The plaintiff Contends, in discharging their duties, Federal Courts Must

protect the Constitutional rights of prison inmates in the face of a prison Regulation or practice which offends a fundamental Constitutional guarantee. Johnson v. Avery, 393 U.S. 483, 486, 89 S. Ct. 747, 749, 21 L. Ed. 2d 718 (1969); Procunier v. Martinez, 416 U.S. 396, 405-406, 94 S. Ct. 1800, 1807-08, 40 L. Ed. 2d 224 (1974), Overruled in part by Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989); Turner, 482 U.S. at 84, 107 S. Ct. at 2259. An additional Consideration to be taken into Account in cases of prison Censorship is the unique and special Role the First Amendment Assumes within the Prison environment. The First Amendment's guarantees, often taken for granted in the free World, Assume far greater significance in the total isolation of prison Life. Both Courts And Commentators have recognized The First Amendment's unique Contribution to prison life.

> The SIMPLE opportunity TO READ A BOOK or write A LETTER, whether it EXPRESSES political VIEWS OR Absent AFFECTIONS, supplies A vital LINK between THE INMATE AND THE outside WORLD, AND NouRISHES THE PRISONER'S MIND DESPITE THE Bleakness AND Blankness of his ENVIRONMENT.

Wolfish v. Levi, 573 f. 2d 118, 129 (2d Cir. 1978). Rev'd Sum Nom. Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861, 60 L. Ed 2d 447 (1979). Justice Marshall Expressed A similar Concern in Martinez:

> WHEN THE PRISON GATES Slam behind AN INMATE, he does Not lose his human Quality, his Mind does Not become closed To ideas, his INTELLECT does NOT CEASE TO FEED ON A FREE AND OPEN interchange of opinions; his yearning For SELF-Realization Concluded. If ANYTHING, THE Needs For identity AND SELF-Respect

ARE MORE COMPELLING IN THE dehumanizing
ENVIRONMENT... IT IS THE ROLE OF THE FIRST
AMENDMENT AND THIS COURT TO PROTECT THOSE
PRECIOUS PERSONAL RIGHTS by WHICH WE SATISFY
SUCH BASIC YEARNINGS OF THE HUMAN SPIRIT.

This Court should Therefore AS A MATTER OF LAW FIND THE DEFENDANTS ARE
LIABLE FOR SUCH CRIMINALLY Reckless BEhavior And Mind STATE.

## [B.] CONTENTION: TILLINGHAST, KELLY, BELZ AND WENDERLICH:

The AFFirmed Verified Complaint States IN relevant part, That defendant
Wenderlich After being Made AWARE OF Tillinghast Sexual Assault during
Rautine Rounds, immediately braught it to tillinghast's attention and
Allowed him to Seek Revenge. Weeks LATER Tillinghast Manipulated
reasons to Search plaintiff Cell Through the use OF the SAME John DOE
Confidential Informant, by having him Write SOME Note Alleging plaintiff
Was in possession OF Contraband. Tillinghast And DEfendent Kelly
ThereAfter, took The plaintiff FROM his Cell to Shower And beat him.
During This Beating they Removed his undershorts And unlawFully
Injected their Fingers into his Rectum IN VIOLATION OF policy And State
Regulation that Require A Facility physician to handle
  Such procedures. They did this with A group OF Guards standing
around Watching, Amused, And DEfendant BELZ Making improper
Comments Suggesting that the plaintiff WAS NOW A gay Muslim
Because OF the Actions TAKEN by Prison Guards. Each DEfendant WAS
Totally AWARE AT THE TIME OF the incident that Men-on-Men
Relation is punishable by Death IN Accordance to the Laws prohibited
IN religion OF Islam.

Glorious Quran Surah: 27, 54-56

(We also sent) Lut (as a Messenger). Behold, he said to his people, "Do you do what is Shameful though you see (its iniquity)? Would you really approach men in your lusts rather than women? Nay, you are people (grossly) ignorant! But his people gave no other Answer but this: They said, "Drive out the followers of Lut from your city. There are indeed men who want to be Clean and Pure!"

Even in The Holy Bible King James Version Leviticus 20:13 "If a Man also lie With Mankind, as he lieth with a Woman, both of Them have committed an abomination: They shall Surely be put to death; their Blood shall be upon them.

In this case at bar, it is Very Much clear, that the defendants has No "reasonably related" prison goals in the action they took against the plaintiff. First, assuming contraband was located in that area of his body. Directive # 4918 control of search for Contraband provides that a facility physician is required to handle the recovery of Such contraband when it Comes to intrusion of body. The Defendants have No legitimate excuses for exceeding Such Requirements. Second, The comments With groups of other guards standing around Watching in Amusement illustrates that Actions were taken to degrade, humiliate and Violate plaintiff's Religious as a Muslim against Men-on-Men Sexual interaction. Wiggins V. Sargent, 753 F.2d 663, 667 n. 6 (8th Cir. 1985). Comment, Religious rights of the incarcerated, 125 U. pa. L. Rev. 812, 853-54 (1997).

The Court should be Reminded of their Obligations To protect inmates From Such barbaric behavior. Martinez, 416 U.S at 428, 94 S.ct.at 1818. (Marshall, J., Concurring).

INCARCERATION BY ITS NATURE DENIES A PRISONER
PARTICIPATION IN THE LARGER HUMAN COMMUNITY.
TO DENY THE OPPORTUNITY TO AFFIRM MEMBERSHIP
IN A SPIRITUAL COMMUNITY, HOWEVER, MAY EXTINGUISH
AN INMATE'S LAST SOURCE OF HOPE FOR DIGNITY AND
REDEMPTION.

O'LONE, 482 U.S. at 368, 107 S. Ct. at 2414. (Brennan, J., dissenting)
(FOOTNOTE omitted).

AN INMATE'S CONSCIENCE IS NO LESS INVIOLABLE THAN THAT
OF AN UNCONFINED CITIZEN, AND A VIOLATION COULD WELL
WORK AN EVEN GREATER HARM UPON THE INMATE, WHOSE
MEANS OF SPIRITUAL RECOVERY ARE LIMITED BY THE
PRISON ENVIRONMENT.

Accordingly, This Court Should AS A MATTER OF LAW grant Judgement
In FAVOR OF The plaintiff against each defendant.

## POINT: V.
## Fourth And Eight Amendment illegal Search and Sexual Touching ...

The Supreme Court has Ruled that "Prisoners retain a limited expectation
of privacy in their Person. Body searches must therefore be Reasonable..." The
fourth or eighth amendment embodies broad and idealistic concepts of
Dignity, Civilized Standards, humanity and decency by which Penal
measures must be evaluated. Bell v. Wolfish, 441 U.S. 520, 559, 99 S. ct. 1861
(1979).    The Complaint alleges facts that state a Constitutional Claim
under This standard. Moreover, The Record Evidence reveals that the body
cavity search upon the plaintiff was irrational and beyond proper Protocol,

which clearly specify that relief should be granted in his favor. Construing plaintiff affirmed Verified Complaint liberally to a Pro-se litigant, See Weber v. Dell, 804 F.2d 796, 802 (2d Cir. 1986) (referring to "Strip/body Cavity Searches" without distinction). The eighth amendment prohibits anal and testicular Searches, carried out in an abusive manner.

Contention (A): <u>Defendant Tillinghast, Kelly and Belz unlawful Cavity Invasion</u>:

Here, Defendant Tillinghast had instructed his Confidential Informant Defendant John-Doe, to write a fictitious note indicating the plaintiff and others were in possession of contraband solely to attack plaintiff because he was expressing his religious belief, and declaring he was not at all interested in men-on-men activity with defendant Tillinghast. After plaintiff to the Superintendent Defendant Rushed his cell and took him into a shower area to search him. It was there that Defendant Tillinghast injected his fingers into plaintiff's Rectum while Kelly held him down. Both knew the actions they were taking was wrong and against laws, Regulations and policies based upon Directive #4910 (H) "<u>A Body Cavity Search shall be Conducted by a facility Physician under Central office Physician Guidance</u>." Shu they invaded Plaintiff's Body Cavity against his will, while several Guards watched in amusement. Fazier v. Ward, 426 F. Supp. 1354, 1366 (N.D.N.Y. 1977) (Routine anal and testicular Searches, carried out in an abusive manner, violated the eighth amendment).

Defendant cannot claim a Reasonable Cause for sticking their fingers inside the plaintiff's body to Conduct an alleged Search for drugs. Especially, where policies, Regulations, Rules and State laws strip them of any Right to perform this type of Search. Directive #4910 Section (H) has designated an internal Cavity Search to be performed by a facility Physician Only. (See, Exhibit _Y_. Directive #4910) Vaughan v. Ricketts, 950 F.2d 1464, 1468 - 69

(9TH CIR. 1991) ("Reasonable Cause" required to Justify digital rectal Searches). The Reasonableness of the body intrusion beneath the skin generally depends On a Case-by-Case approach, in which indivisual's Interests in privacy and Security are weighed against Society's Interests in Conducting the invasion. Here in this Case at bar, the Court Can reasonable Determine a Jury Could find Defendants liable for body Invasion where they had no legitimate authority to carry out an act not perserved for them to perform. There was no risk that an inmate hand Cuffed behind his back, IF in Possession of Contraband assuming argumendo, Could have used his hands to get it out, and get rid of it while Surrounded by Several Train Guards who should have been escorting him to facility infirmary to be examined and dealt with by Doctor.

Contention (B): <u>Defendants Tillinghast, Kelly and Belz unlawful Body Cavity Search</u>..

Based upon the same Set of facts discussed above, the Court should find the defendants actions of Conducting an internal Body Cavity Search wherein authorization by law Could not be granted to any of them to perform it, to have violated state laws, and the fourth amendment of the united States Constitution. Here the Court is Reminded that the probing and Searching Inside the plaintiff's anal Cavity is not an act that was, or Could be Justified by an legitimate penalogical Interest. Especially where the Cavity intrusion was Conducted by UNAuthorized Guards — and not by facility physician instructed by Central Office.

"" [1] an invasion or penetration by physical intrusion, by use a defendant Touching or using an instrumentality to touch internal organs, [2] Invasion of a body Cavity where the plaintiff is Secure including Anal; [3] That intrusion would be highly offensive to an Ordinary, Reasonable

Person:
(citation omitted)

Accordingly the court should find that the Defendants have also violated the Plaintiff's fourth amendment rights by conducting an illegal cavity search.

## Point: VII

Due process violation at tier hearing in violation of the fifth & Fourteenth Amendments, and state Laws.

Defendants May seek Summary Judgement upon plaintiff's claim that Wenderlich, Tanea, Lamanna, and Prack denied him due process at a Prison Disciplinary hearing on October, 24, 2013, January, 23, 2014 and acted in Furtherance of Tillinghast's retaliation in doing so. (" AFF. VER. compl. ¶¶ 36 - 54 ")

"To Effectively demonstrate a lack of showing of a due process claim, a Defendant Must Establish (1) that the inmate Failed to show he possessed a legitimate liberty interest and (2) that he was not deprived of that interest as a result of insufficient process." Giano V. Selsky, 238 F.3d 223, 225 (2d cir. 2001) (citation and internal Quotation marks omitted). Prison Disciplinary implicates a liberty interest when it " imposes atypical and Significant hardship on the inmate in Retaliation to the ordinary incidents of prison life." Sandin V. Conner, 515 U.S. 472, 484, 132 L. Ed. 2d. 418, 115 S. Ct. 2293 (1995).

Ortiz V. McNamara, 380 F.3d 649, 654 (2d cir. 2004), Cert. denied. 543 u.s. 1187 (2005).

As the Ortiz Court Explained:

With Respect to " Normal" shu Confinement, We have held that a 101-day

Confinement does not meet the Sadin, standard of atypicality. Sealey v. Giltner, 197 f.3d 578, 589 (2d Cir. 1999) Id.

In PALMER v. Richards, 364 f.3d 60 (2d Cir. 2004), the Second Circuit indentified "Normal" SHU Conditions for a prisoner: [being] placed in a solitary Confinement cell, kept in his cell For 23 hours a day, permitted to exercize in the prison yard for One hour a day, limited to two showers a week, and denied Various privilages available to general population prisoners, such as The Opportunity to work and Obtain Out-Of-cell schooling. Visitors [are] permitted, but the frequency and duration [is] less than in general population. The number of books Allowed in the cell [is] also limited.

Id. at 65 n.3 (Citing §§ N.Y. Comp. Codes R. & Regs. tit.7, 304.1-.14, 305.1:6 (2003).

Here the plaintiff was confined to a Supermax. special housing facility Southport Correctional facility To Serve 365² days. Exhibit J. plaintiff Complains that the Conditions he was subjected not every inmate in SHU are made to experience, cell clean up and hair cuts for an extended period, [ii]. and, placement On Level 1 Restricted housing unit with MHU inmates yelling, screaming and Banging their gates all day and night preventing him from sleeping or Concentrating to write Civil Complaint that Caused Migraine headaches, Insomnia and thoughts of Suicide. These Complaints, are significant enough to be atypical departures from normal SHU Conditions under Sandin. (" AFF. Ver. Compl. at ¶¶ 36, 54. ") These allegations Could Suffice to require Factfinding by the Court before Making a determination of whether a Constitutionally Cognizable liberty interest is at play. See Davis v. Barrett, 576 f.3d 129, 2009 WL 2411811 (2d Cir. Aug. 7, 2009).

The Record establishes that plaintiff received a copy of the Misbehavior Reports Setting forth the charges against him in advance of the first hearing. ("AFF. VER. Compl. at ¶¶ 36 - 5A ). Exhibit C , D . A Disciplinary hearing was conducted, and was partially Recorded. ("AFF. VER. Compl. at ¶¶ 43-52). Exhibit G , P , Plaintiff was denied documents requested in preparing a defense before the hearing commenced to which hearing officer utilized to find Guilty. ("AFF. VER. Compl. at ¶ 49 ). Exhibit G. At the hearing the plaintiff was Denied to Question inmate witnesses, and author of the Report in Regards to his Retaliation Defense. See generally id. At the close of the hearing, when asked if he had any Objections to the proceedure followed, plaintiff did indeed state a number of Objections. In addition, after the hearing Officer made his determination on Record, he provided a copy of the disposition. ("AFF. VER. Compl. at ¶¶ 44 - 50 ). Exhibit I , J , K , also see hearing Transcripts of initial hearing proceedings dated October 24, 2013 .

An appeal was filed by the plaintiff Rendering the bias, pre-determined determination Reversed and designated for a rehearing. ("AFF. VER. Compl. 53,54 ") Exhibit P , O .

upon the rehearing Proceedings, the plaintiff alleges he was: (i). Denied his right to appear; (ii). Right to present a defense and Question witnesses and have them testify. and (iii). The Right to have an impartial hearing Officer. He was ultimately found guilty with his appeal being denied. plaintiff Contends that he was denied due process at the Disciplinary hearing when he was at First hearing Limited in his Questioning in Regards to his Retaliation defense when examining Correctional guard Louis Tillinghast. He States that hearing officer Continued to refuse to ask him   Questions in that

regard, and stopped him from answering when he began. ("Aff. ver. Compl. at ¶¶ 43 - 52"). also See hearing Transcripts. More over, the hearing Transcripts reveals that when listened to Correctional Guard Louis Tillinghast Testimony has been erased and was not fully Recorded and hearing officer Knew this as he went back over and replayed all Witnesses testimony in my presence. (See hearing Transcripts).

At the Second Tier hearing proceedings, the plaintiff was Denied the Opportunity to appear. Hearing Officer never made any effort to verify the Guards allegations that he was Refusing, when he Knew plaintiff defense was that he was being retaliated against by Guards. In any event, the Record fully Demonstrates he was not afforded a full Opportunity To Question defendant Tillinghast, that witness was called by the hearing officer at both hearings, as well as inmate witnesses Bell and Thomas whose Testimony at a Jury Trial Could deem highly relevant, especially in light of          hearing officers Knowing the Basis of it, Revolved around the        first  hand Knowledge of informant being used in Guards Retaliation against the plaintiff. The hearing Disposition must be supported by "Some" or "a preponderance" of evidence. "This standard is extremely tolerant and is satisfied if 'there is any evidence in the record that 'supports' the Disciplinary Ruling". Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (Quoting Friedl v. City of New York, 210 F.3d 79, 85 (2d Cir. 2000).

Accordingly, plaintiff did not receive All the process he was due and his Opposition to the motion for Summary Judgement that may be filed by defendant should be denied, and Summary Judgment should be granted in plaintiff's favor.
To The extent plaintiff Asserts the Claims that the Disciplinary Action

involved Retaliation, it as a matter of law should be granted as well. First, the verbal grievance was made to the Superintendent Wenderlich about Tillinghast's sexual abuse. The defendant had reviewed the Misbehavior Report knowing about the incident from the very beginning, Then designated a hearing officer he wanted to preside over the proceedings, he did a Discretionary Review on the hearing officer designation sheet agreeing with the Determination — which he later modified. Both hearing officers Tanea, and Lamanna decisions were made for improper reasons alone. GRAHAM V. Henderson, 89 f. 3d 75, 79 (2d Cir. 1996). Accordingly the Court should find in plaintiff's favor against each Defendant.

## POINT: VII.
### First amendment Retaliation For verbal Grievances...

In his affirmed verified complaint, The plaintiff alleges that his Constitutional Rights under the first amendment were violated when, after he pursued a verbal grievance regarding a Corrections Guards alleged sexual assault and Harassing Slurs, despite Superintendent Wenderlich's veiled Promises of preventive action(s), he was immediately pulled out for an orchestrated Cell Search by the same Guard he made the verbal Grievance about. He was Beaten with the Guard lying stating on Record in documents that he saw, and Confiscated drugs and Weapon from anal Cavity... While area Supervisor Stated drugs and Weapon were found in cell.

## POINT: VIII.
### Defendants are Not Entitled To Qualify Immunity...

The supreme Court has ruled that "Qualified immunity shields public officials

From liability for their discretionary acts that do not violate clearly established statutory or Constitutional Rights of which a Reasonable person would have Known." See _Harlow v. Fitzgerald_, 457 U.S 800, 9818, 73 L. Ed. 2d 396, 102 S. ct, 2727 (1982). The Complaint alleges facts that State a Constitutional claim under this standard.

Defendants argue that, in the event that the Court rules that plaintiff has stated a claim against any defendant, such defendant's actions were objectively reasonable and therefore entitled to Qualified immunity "shields public officials from liability for their discretionary acts that do not violate clearly established statutory or Constitutional Rights of which a Reasonable person would have Known."; Hathaway, 37 F.3d at 67 (Quoting Harlow V. Fitzgerald, 457 U.S 800, 818, 73 L. Ed. 2d 396, 102 S. ct. 2727 (1982). The Court in Hathaway, referring to the unconstitutional deprivation of a plaintiff's federal rights are well established, Qualified immunity is still available to an official if it was objectively reasonable for the public official to believe that his acts did not violate those rights." Id. (Quoting Kaminskey V. Rosenblum, 929 F.2d 922, 925 (2nd cir. 1991); _Russell_, Supra, 910 F. 2d at 78; _Gittens V LeFevre_, 891 F.2d 38. 42 (2nd cir. 1989). "The objective Reasonableness test is met—and the defendant is entitled to immunity—if "officers of Reasonable Competence Could disagreed" on the legality of the defendants actions."" Lennon V. Miller, 66 F.3d 416, 420 (2nd cir. 1995). Thus, a defendant is entitled to Summary Judgment on Qualified immunity Grounds when, "looking at the evidence in the light most favorable to and drawing all interferences most favorable to the plaintiff [], "Halpern V. Kissinger, 807 180, 189 (D. C. cir. (1986). Quoted in Robinson, Supra, 821 F. 2d at 921, the Court determines that no reasonable Jury could Conclude that it was Objectively unreasonable for the defendant to believe that his or her conduct or actions did not violate an established federally protected right. Lennon, Supra, 66 F. 3d at 420; In other words, if any reasonable trier of fact could find that the defendant

'actions were objectively unreasonable, then the defendants are not entitled to Summary Judgment." id.

In this case, as discussed above in previous points, The Defendants acts of interferring with plaintiff's Religion during the times he was praying or studying, or Sexually harassing him, and Retaliating against him based upon verbal Grievances made to Superintendent Wenderlich by conducting an unlawful Search and body invasion, demonstrates a reasonable Trier of facts Could as a matter of Law Conclude that the defendants actions was Objectively and Subjectively unreasonable. Thus, The defendants Tillinghast, Kelly, Belz, Wenderlich, Tanea, Lamanna and Prack Qualified Immunity defense Should be rejected, and Judgment granted in plaintiff's favor who has met his required Showing.

## Conclusion

Wherefore, plaintiff Respectfully pray that this Court Find the facts in this Support Judgment being denied for defendants, and granted in his favor against each and every defendant named in this action.

Dated: August 11. 2014
Pine City ny. 14871

_Marcus King_
— Signature —