UNITED STATES DISTRICT COURT
Western District Of New York

————— Plaintiff,
——— Against ———

Defendants.

—CV—
Statement Of
Disputed Material
Facts... Pursuant To
Rule 56.2

The plaintiff Markus King, Pro-se
Submits That The following Are The
Disputed Material Facts Of This Case:

1.] There is No Dispute That all Times Relevant herein, The plaintiff Markus King Was an inmate in the custody of the New York State Department Of Corrections, & Community Supervision, housing at Southport Correctional facility. ("Aff. Rev. Compl.").

2.] There is No Dispute that at all Times relevant herein, The Defendants Were Employees of the New York State Department Of Correctional & Community Supervision. ("Aff. Rev. Compl.").

3.] There is No Dispute that Louis Tillinghast is a caucasian prison Guard assigned To Southport Correctional facility. ("Aff. Rev. Compl.")

4.] It is highly Disputed That in September 2013, Defendant Tillinghast during patFrisk, Fondled, Squeezed and twisted plaintiffs groin area. (Aff. Rev. Compl.") also see, Tier III hearing Transcripts For Retaliation Defense. Exhibit __H__ .

5.] IT is Highly Disputed that Defendant Louis Tillinghast gave Direct Orders to Confidential Inmate Informant To bang his gate, Yell and Scream While plaintiff Was Studying Nation of Islam Religion and Praying To Disrupt him. ("AFF. Rev. Compl.") Exhibit __A__.

6.] IT is highly Disputed that Defendant Louis Tillinghast punched plaintiff's head, Side of his face, Slammed into Wall breaking Front Tooth. (AFF. Rev. Compl.")

7.] IT is highly Disputed That Defendant Louis Tillinghast injected his fingers in plaintiff's Rectum With Several Guards Watching him. ("AFF. Rev. Compl.") Exhibits __H__, __I__.

8.] IT is highly Disputed That Defendant Louis Tillinghast Found any Weapon or Drugs On, or in Plaintiff's Rectal area. ("AFF. Rev. Compl.") Exhibit __M__.

9.] There is No Dispute That Defendant Kelly is A Caucasian Prison Guard assigned To Southport Correctional Facility. ("AFF. Rev. Compl.")

10.] IT is highly Disputed that Defendant Kelly punched plaintiff on Side of face, head, back, Slammed him into wall breaking Front Tooth, and To the floor Pinning him down. ("AFF. Rev. compl.")

11.] IT is highly Disputed that Defendant Kelly held plaintiff down While Tillinghast injected his Fingers in his Rectum. ("AFF. Rev. Compl.").

12.] IT is highly Disputed That Facility policies, Rules, Regulations and Directive # 4910 Section (H) provides        The Defendants the

authority To probe plaintiff's RECTUM With their fingers. ("AFF. VeR. CompL.") Exhibit __Y__ .

13.] There is NO dispute that Gary Belz is a Caucasian prison official, Holding The position as Correctional Sergeant. ("AFF. VeR. CompL.")

14.] It is highly Disputed That Defendant Gary Belz stood by Watching Tillinghast inject his fingers in plaintiff's RECTUM, Making Jokes about saying President Obama made being Gay legal, So Plaintiff could ask and Tell Now. ("AFF. VeR. CompL.")

15.] There is No Dispute that Defendant John Doe Confidential INMate InforMANT, is an inmate who Was at Relevant Time housed in Southport Correctional facility. ("AFF. VeR. CompL.")

16.] It is highly Disputed that Defendant John Doe Confidential Informant, By orders of Guard Tillinghast banged his gate, yelled and screamed When plaintiff was studying his Religion and praying. ("AFF. VeR. CompL.") Exhibit __A__,

17.] It is highly Disputed that Defendant John Doe Confidential Inmate Informant wrote a false note indicating plaintiff had weapons and drugs Soley To give Tillinghast a false Reason To Sexually violate plaintiff Anal cavity. ("AFF. VeR. CompL.").

18.] There is No Dispute That Defendant Stephen Wenderlich is a Caucasian Prison Official holding the position as Superintendent of Southport Correctional Facility.

19.] It is highly Disputed That Defendant Stephen Wenderlich During Routine Rounds Throughout facility, Was stopped by Plaintiff and addressed with an oral Grievance. ("AFF. VER. Compl.") Exhibit A.

20.] It is highly Disputed That defendant stephen Wenderlich Was told of Tillinghast fondling, Squeezing and twisting plaintiff's groin during Pat Frisk, and Said that he received a large Amount of Complaints in Regards To this Guard being Accused of This Type of Activity. ("AFF. VER. Compl.") Exhibit A.

21.] It is highly Disputed That Defendant Stephen Wenderlich Informed Tillinghast of plaintiff's verbal Grievance, And Allowed Tillinghast to Sexually Attack him. ("AFF. VER. Compl.")

22.] It is highly Disputed That Defendant Stephen Wenderlich Was aware That the Prison Guard Tillinghast Was using John Doe Confidential Informant Inmate To harrass plaintiff by banging, Yelling and Screaming While he was praying and Studying muslim Material. ("AFF. VER. Compl.")

23.] There is No Dispute That J. Robinson is a Caucasian Prison Guard Assigned To Southport Correctional facility. ("AFF. VER. Compl.")

24.] It is highly Disputed That defendant J. Robinson Ascertained The facts, Observed And actually Knew where the Contraband Came from prior To Writing his Misbehavior Report dated October 10, 2013. ("AFF. VER. Compl.") Exhibit F,

25.] There is No Dispute That Defendant Tanea is a Caucasian Prison Official in the position of Deputy Superintendent of Program, Assigned To Southport Correctional facility. ("AFF. VER. COMPL.")

26.] It is highly Disputed that Defendant Tanea deliberately Refused To Allow inmate Witness Bell, To Testify About his Knowledge OF Tillinghast Retaliation. ("AFF. VER. COMPL.") Exhibit K.

27.] It is Highly Disputed That defendant Tanea had Commenced the hearing Refusing to Allow plaintiff To Question Tillinghast about his Retaliatory Action That brought forth the false Misbehavior Report. ("AFF. VER. COMPL.") Exhibit G.

28.] It is Highly Disputed That Defendant Tanea deprived plaintiff OF a Fair and Impartial hearing, and did not allow him Relevant Drug Testing And Scientific Documents That he made his Decision upon, To use To make a Defense. ("AFF. VER. COMPL.") Exhibit P.

29.] It is highly Disputed That defendant Tanea Deliberately denied plaintiff a Witness who Could've explained That he did Not possess Contraband, because he Witnessed John Doe Set up the Situation with Tillinghast. Tanea did This Without Sound Rational Reason, Alleging his Testimony To be Redundant. ("AFF. VER. COMPL.") Exhibit K.

30.] It is highly Disputed That Defendant Tanea gave plaintiff a Full and fair Opportunity to present Questions to Prison Guard who was Author of Report Concerning his Retaliation Defense. ("AFF. VER. COMPL.") Exhibit P.

31.] It is highly Disputed That Defendant Tanea Sentenced plaintiff To Excessive SHU Time To Severely punish him for making verbal Grievance Against Tillinghast. ("Aff. Ver. Compl.") Exhibit ___I___.

32.] It is highly Disputed That Defendant Tanea Deliberately left out Vital portions of the hearing that was Critical, including Relevant Testimony from defendant Tillinghast.

33.] It is highly Disputed That Defendant Tanea Deliberately did not Allow The plaintiff To present a Defense, by denying Relevant Scientific drug Testing Documents, and Stopping Tillinghast from being able to answer Question which he was preparing to get to the Bottom of the plaintiff's Accusations of Retaliation.

34.] There is NO Dispute That Defendant Janie M. Lanianna is a Caucasian prison official in the Position of Deputy Superintendent of Security, Assigned To Southport Correctional facility. ("Aff. Ver. Compl.")

35.] It is highly Disputed That Defendant Lanianna exercised Deliberate Indifference, where he knew upon Commencing the hearing That he was doing so on a defected Misbehavior Report written by Defendant Robinson who failed to give plaintiff The adequate Notice Required by policies, statues and state Laws. ("Aff. Ver. Compl.") Exhibit ___D___.

36.] It is highly Disputed that Defendant Lanianna Deprived plaintiff of A Fair And Impartial hearing, and did not Make apart of The Record Relevant Drug Testing and Scientific Documents that he made his Decision upon, To use To Make a Defense. ("Aff. Ver. Compl.") SEE hearing Transcripts

Exhibit __R__.

37.] It is Highly Disputed that Defendant Lamanna exercized Deliberate Indifference where he denied plaintiff The due process he was Due where he was not brought to the Tier hearing to hear the charges and provide his defense, Nor did Lamanna investigate himself whether Guards were lying when they alleged plaintiff Refused To Attend. ("AFF. VER. Compl.") See hearing Transcripts.

38.] It is highly Disputed that Defendant Lamanna Deliberately violated Both, plaintiff's federal due process right and state Regulatory Right to be present at a prison disciplinary hearing, Defendant Failed To Ensure That plaintiff was aware that if he failed To Attend, The hearing Would Take place in his absence, and Therefore violated his Right to be present at the hearing. ("AFF. VER. Compl.")

39.] It is highly Disputed That defendant Lamanna Exercized deliberate Indifference when he Commenced The hearing of A Defective Misbehavior Report Authored by Defendant Tillinghast, Lamanna Did this unlawfully and Knowingly that the Weapons Charge lodged against plaintiff was Not Supported by Substantial Evidence. Exhibit __C__.

40.] It is highly Disputed That Defendant Lamanna Exercized Deliberate Indifference where he recorded that the hearing Concluded on the 23rd OF January, 2014, But Clearly Took witnesses Testimony on January 24th which exceeded the Fourteen day Time Limit Exhibit __S__.

41.] It is Highly Disputed that Defendant Lamanna Deliberately Refused To Allow inmate witness bell To Attend And give Relevant Testimony of his first-

- hand Knowledge of Tillinghast and Defendant Wenderlich conspiring with defendant John Doe (Inmate Confidential informant) To Retaliate against plaintiff for his verbal Grievances To Defendant Wenderlich. ("Aff. Ver. Compl.").

42.] There is No Dispute that Department of Corrections & community Supervision Tier <u>III</u>, Inmate Disciplinary Hearing Proceedings are Govern by the procedures defined in Directive #4932, Chapter 5, Directive #4006, and Employee Manual Rule 8H.

43.] There is No Dispute that the Department of Corrections & Community Supervision inmate Disciplinary Hearing Officer's, Are Trained To follow the procedures on Conducting Tier <u>III</u> hearings, by following A Hearing Hearing Officer's Guide To Superintendent Tier <u>III</u> hearings Manual.

Dated: August 11ᵗʰ 2014
Pine City N.Y. 14871

Markus King
- Signature -

UNITED STATES District Court
WESTERN District OF NEW YORK

                         PLAINTIFF,             - CV -
                                       PlaintIFF's Appendix
         — VS. —            In Support OF Affirmed
                                     VeRiFiEd Complaint

                        DEFFENDANTS.
_____

       Markus King , being the plaintiff duly sworn in this Action, does declare the following Accurate under the Penalty OF Perjury Pursuant to 28 — USC § 1746:

1.] I am the plaintiff in this action, a prisoner incarcerated under the custody of the NEW York STATE Department of Corrections And Community Supervision.

2.] I am making this Affirmed Appendix in Support of my Affirmed Verified Complaint, any Future Motion Made For Summary Judgement Pursuant To Rule 56 OF The Federal Rules OF Civil Procedure ( F.R.C.P.).

3.] Attached As Exhibit A , is a copy OF Affirmation in Support OF Affirmed Verified Complaint By Witness Dennis BEll # 03R 4363.

4.] Attached As Exhibit B , is A copy of Affirmation in Support OF Affirmed Verified Complaint By Witness Cornelius RedoEN # 01 B 2658.

5.] Attached As Exhibit C , is a copy of False Misbehavior Report

Written by Louis Tillinghast dated October 18, 2013.

6.] Attached as Exhibit D, is a copy of False misbehavior Report written by J. Robinson Dated October 10, 2013.

7.] Attached as Exhibit E, is a copy of photo of contraband Planted by Co. Tillinghast: Drugs and Weapon Dated 10-10-13.

8.] Attached as Exhibit F, is a copy of Appeals Submitted by Plaintiff dated 11/10/13 and Rehearing Appeal dated 2/9/14.

9.] Attached as Exhibit G, is a copy of Appeals Submitted By Prisoners' Legal Services dated 1/2/14 and Rehearing Appeal dated 4/2/14.

10.] Attached as Exhibit H, is a copy of a letter Written by Prisoners Legal Services regarding Sexual Assault of 10-10-13.

11.] Attached as Exhibit I, is a copy Plaintiff's Grievance Dated 10-20-13.

12.] Attached as Exhibit J, is a copy of Dispositions of hearing Conducted by Defendant D.S.P Tanea dated: 11/1/13.

13.] Attached as Exhibit K, is a copy of Witness Interview Notice Form Dated: 11/1/13.

14.] Attached as Exhibit L, is a copy of Plaintiff's Inmate Employee Assistance Request For Sgt. Chapman; A copy of Assistant Work Form

sheet From Sgt. Chapman To the Discipline office Dated 1/14/14; and a copy of plaintiff's Tier Assistance Selection Form Signed by Serving officer Coon Dated 1/10/13 in which it should have been dated 1/10/14.

15.] Attached As Exhibit M, is a copy of plaintiff's Restraint Order-Renewal Form Recommended by Sgt. W. Harris Dated 10/26/13; A copy of Form # 1140 (Report of Strip Search or Strip Frisk) Signed : And Authorized by Sgt. Belz Dated 10/10/13 At the Time of 11:15 Am Conducted and also Signed by Louis Tillinghast, and a copy of Contraband Receipt Conducted on plaintiff's cell by C.O Thrall Dated 10/10/13 At 11:15 AM.

16.] Attached As Exhibit N, is A copy of C. Block Third Floor Log Entry of Time and Date of Incident 10/10/13 At 9:45 am.

17.] Attached As Exhibit O, is A copy of Designation To conduct Tier 3 hearing Proceeding Form by Superintendent Stephen J. Wenderlich Dated January 15, 2014 and a copy of A Memorandum of Acknowledgement of Documents From Disciplinary Office To Hearing Officer D.S.S Lamanna Dated 1/24/14.

18.] Attached As Exhibit P, is A copy of Memorandum From Director of Special housing unit Albert prack Reversing hearing of plaintiff Conducted by Tanea Dated 1/9/14 To plaintiff and A copy of Memorandum letter From Albert prack Reversal of Super--intendent's Hearing To Superintendent S. Wenderlich Dated 1/9/14.

19.] Attached As Exhibit Q, is A copy of Witness Interview Notice

Form By hearing OFFicer D.S.S LAMANNA Dated 1/24/14.

20.] Attached As Exhibit _R_, is A copy OF Hearing Record Sheet Dated 1/10/14 Signed by Hearing OFFicer LAMANNA, A copy of Superintendent Hearing Disposition Rendered Dated 1/23/14 and a copy of Superin- -Tendent hearing DispositTion OF Penalties Dated 1/23/14 and Signed by LAMANNA.

21.] Attached As Exhibit _S_, is A copy OF Requested Inmate Witness Refusal To Testify In TiER _III_ Disciplinary Hearing Form of plaintiff Dated 1/23/14 and Signed by Sgt. Speights.

22.] Attached As Exhibit _T_, is A copy OF Ambulatory Health Record Progress Note dated October 27. 2013 ; 10/28/13 Complaint OF pains From assault by Prison Guards And Examination OF Injuries From Assault Conducted by Clinical physician Mr. CanField.

23.] Attached As Exhibit _U_, is A copy OF Ambulatory Health Record progress Note dated November 13, 2013 Complaint of DisFigurement of Teeth From Assault by prison Guards; A copy OF Ambulatory Health Record progress Note dated November 21, 13, December 15. 2013, May 6. 2014, May 19. 2014 And May 25. 2014 Complaints OF Migraines, BAck pain, Hand pains, Chipped Teeth and Injuries of Assault by prison Guards.

24.] Attached As Exhibit _V_, is A copy of Report OF Radiology Services Report by Medical Doctor Thomas Taylor dated December 11 2013 ' a copy of Examination OF Spine due to pain From Assault by prison Guards and a copy of Health Services Sick call Response

form of plaintiff's x-ray test results of 12-11-13 dated December 24, 2013.

25.] Attached as Exhibit <u>W</u>, is a copy of Albert Penck Decision to Affirm Plaintiff's appeal of rehearing Conducted by Lamanna dated 4/8/14.

26.] Attached as Exhibit <u>Y</u>, is A copy of Directive #4910 Control of and Search for Contraband.

27] Attached as Exhibit <u>Z</u>, is A Copy of Dental Treatment Records Relevant dates... 11/20/13, Chipped tooth, 12/30/13 Examination of Chipped tooth inmate put on filling list; 1/2/14 Health history Update, 6/23/14 Examination Fit cap for chipped tooth.

Date: June 23, 2014
Pine City, N.Y. 14871

Markus King
-Signature-