

UNITEID STATES DISTRICT COURT
WESTERN DISTRICT of NEW YORK

Plaintiff                    - C V -

_____ VS. _____        Affirmation In
                          SuPPort of affirmed
                          Verified Complaint

_____ DEFEndants. _____

I, Dennis Bell #03R4363 being duly sworn, does hereby affirm Pursuant to the Penaltie's of Perjury under the Laws of united States of america, and the most high God, that the Following is true and accurate:

1. I am the above affirmant making this affirmation In support of the affirmed Verified Complaint.

2. I am a PRISONER being held under the Custody and In the CARE of the Department of Corrections and Community Supervision at southport Correctional facility.

3. I make this affirmation on my own free will, and ask nothing from this Court, or the Plaintiff In exchange for my sworn testimony.

4. On or about SEPt , 23 , 2013 , I was an Inmate housing at southport In C-block

On eleven Company when I formally met the Plaintiff Mr. Marcus King.

5. Myself and Mr. King began to socialize and share Religious Ideals. Mr. King expressed he was a Muslim currently Registered as a member of the nation of Islam. at that Point an Inmate a short distance away from us, began to yell disrespectful things to us about muslims. When we didn't Response He yelled "don't Worry I'll get you Racist son of a Bitches..."

6. I did not take his threat serious, until the following day he stopped a Correctional Guard named Luis Tillighast, Who is known as an extremist In harassing Inmates he didn't like, Including stooping to Squeezing their Butts & Saying sexual things.

7. On or about ~~Sept, 30, 2013~~, Luis Tillighast did Patfrisk Mr. King on the unit, and as I watched him through a small Piece of mirror he fondled & Squeezed King's Penis saying something about knowing gay muslims. Marcus King became hostile & began to Curse which angered Mr. Tillighast, who then stated, "Okay you want to Play it that way, I got you..."

8. On or about <u>October</u>, <u>8TH</u>, <u>2013</u>, Superintendent Stephen Wenderlich made Routine Rounds and was Stopped by myself, and Marcus King & was told about Luis Tillighast giving Orders to his Informant to yell Curses at us while we Prayed. as well as about him fondling & Squeezing Mr. King's Penis Making Improper Sexual Comments.

9. After being made aware by Mr. King of the Problem with Guard Tillighast, Superintendent Wenderlich became belligerent violently Stating. "I've been told this already... We've Investigated him several & none of these sexual allegations have been substantiated." When Mr. King Replied "Claims are almost always Investigated by a Friend of this Guard that is why... why does no one ever review the video Cameras". The Superintendent Replied, "I'm tired of Investigating & dealing with Complaints about this Officers. My Officers just wouldn't do anything like this."

10. On or about <u>Oct</u>, <u>10</u>, <u>2013</u>, Guard Tillighast did approach Marcus King at Shower with another Guard whom I Could not Identify. They Ordered him to Step In for a search/patfrisk. When Mr. King asked what this was about, Tillighast told him you went & Complained about me to the Superintendent, & told him I was gay.

11. The next thing I Heard was Marcus King being Roughed up In the Shower ~~asked~~ by the two Guards, With more Guards & a Sergeant Belz Running into his Cell to search it.

12. loud screams & thumping Sounds Could be heard from the Showers. The Sounds OK Guards assaulting Mr. King Caused myself, & other Inmates to yell for them to get off of him. and hopefully Bring so other higher Ranking Personnel to take Charge of the Situation.

13. I declare the above to be true to the best of my knowledge, and if needed, I will testify under oath In open Court to each of the stated facts. as I would've testified to this at Tier III hearing if allowed to.

DATE: april 3 2014
Pine City, New York 14871

Respectfully sub
Demis Bell #0324363
-Signatuer -



United States District Court
Western District of New York

                    Plaintiff              - cv -
                                      Affirmation in
        ~ vs ~                        support of affirmed
                                      verified complaint
              Defendants

    I, Cornelius Dedder # 01B2058, being duly sworn does
hereby affirm pursuant to the penalties of perjury under
the laws of united states of america, and the most high
God, that the following is true and accurate:

1. I am the above affirmant making this affirmation in
support of the affirmed verified complaint.

2. I am a prisoner being held under the custody and in
the care of the Department of Corrections and community
supervision at Southport Correctional Facility.

3. I make this affirmation on my own free will and of
sound mind and ask nothing from this court or the plaintiff
in exchange for my sworn testimony.

4. On or about January 10, 2014, I was an inmate housing at
Southport in A-block on seven company when I met an
inmate named Marcus King.

5. I began to socialize with the plaintiff a couple days after he moved into eleven cell, which was exactly next door to me, as I resided in ten cell. We realized at that time we shared the same religious beliefs as black Muslims.

6. On or about January , 2014, as we were going through our daily reading of the Glorious Quran a Correctional guard approached Mr. King's cell to serve him a misbehavior report.

7. At that time I introduced myself to the serving officer believing I may be able to assist Mr. King in preparing his defense. I advised the plaintiff Marcus King to request an assistant from the inmate disciplinary work sheet provided to him by the guard Coon. The guard became belligerent getting upset, he began to berate Mr. King saying "Tell your Fuckin' buddie over here to mind his own business, he's not a Lawyer... and it doesn't matter no way, the hearing officer we selected for you is one of our boys, you have no chance !"

8. In spite of all the things that was stated by Coon the serving guard Marcus King followed my advise and selected an assistant from the list. On January 14, 2014 Marcus King's selected inmate assistant did show up to his cell to take all of his request.

9. Almost immediately after the assistant had shown up and questioned Marcus King in depth in regards to his retaliation defense. several guards each day during recreation run continued to walk up to Mr. King's cell and pound on the gate yelling threats that they were going to give him a new prison case — or beat him if he went to his hearing and allege that Louis Tillighast did anything sexual to him. These threats were so constant and violent I was afraid for him as well as myself at this time. I did inform Marcus King to write to the inspector general's office and tell them what was going on.

10. When his grievances and letters complaining about the guards' actions began to be investigated I overheard Sergeant Belz tell Mr. King that if he attend his tier hearing that what had transpired before is going to happen again but the difference with this time is that he may not be able to sit down or walk for awhile.... at that time I learned a correctional guard had stuck his finger inside Mr. King's rectum and made sexual innuendos to him.

11. On January 23, 2014 I observed an escort guard kick Marcus King's cell door, he then yelled at him "you suppose to go to a hearing but I know your not dumb enough to make us have to do more paper work on you". Another guard came to join in saying "you going coward?" He also spoke about Marcus King getting a new charge and a larger stint back in the dungeon which is known as D-block which is an enhanced restraint box or a "box within a box" for prisoners

who are targeted or labeled trouble makers by southport correctional guards.

12. These guards went and told the hearing officer that Marcus King refused to attend the hearing although they knew this was a lie. Marcus King and I began to rattle our gates and call for the hearing officer to come down to our cells and speak to us himself so we could advise him of what was going on.

13. This hearing officer heard our voices calling for him but instead of coming down to us he stopped at the head of the company and spoke to the guards. A moment later he walked off and never returned to speak to me or Mr. King about the actions of the guards. Mr. King was later given a written decision from the hearing officer alleging he refused to appear at the tier hearing, and was guilty of the penalties lodged against him.

14. I personally observed all of the aforementioned actions transpire and will testify in open court under oath to all of the above.

Dated: April 10, 2014
Pine City, NY 14871

_Cashluis Redden_



rORM 2171A (4/09)
Side 1

STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES

## Southport Correctional Facility
### INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| 1 NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre)<br>King, Marcus | 12A1122 | C-11-19 |
| | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
| 2 LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE<br>C Block, 3rd floor, 11 Gallery, 3 Shower | 10 October 2013 | Approx 11:15 am |

3. RULE VIOLATION(S) ♦ VIOLACIÓNE/ES

113.10 Weapon

114.10 Smuggling

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE

On the above date and time while conducting a pat frisk of inmate King (12A1122), I felt an unusual bulge in the inmate's rectal area. The area supervisor authorized a strip frisk. The inmate was moved to the number 3 shower on C11 gallery and I conducted a strip frisk. During the strip frisk I saw a white package between the inmate's buttocks. I had the inmate remove the package with his left hand. Inmate King complied with my order and handed the package back to me. I recovered the package and completed the strip frisk. I searched the package and found a small folded piece of paper that contained green leafy material. I turned that material over to CO J. Robinson for testing. Also in the package was a ceramic razor type weapon. The razor was white in color and approximately 1 ½ inches long by 3/8 inch wide. The razor weapon was wrapped in paper and tape that was constructed as a hoslter and handle. The inmate was moved to D-M-33 without further incident. Photos taken and copies made, the original evidence was secured per directive 4910a.

| REPORT DATE ♦ FECHA<br>10-10-2013 | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME<br>L. Tillinghast | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO<br>CO |
|---|---|---|---|

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESS (if any)
ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)

SIGNATURES:
FIRMAS: 1.

2.

3.

NOTE: Fold back Page 2 on dotted line before completing below.

DATE AND TIME SERVED UPON INMATE _____
FECHA Y HORA DADO AL RECLUSO _____

NAME AND TITLE OF SERVER _____
NÓMBRE Y TÍTULO DEL QUE ENTREGA _____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

### NOTICE ♦ AVISO

REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objectivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to mai a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, pued escribirle al Diputado del Superintendente para Seguridad o su respresentante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

Distribution: WHITE - Disciplinary Office   CANARY - Inmate (After review) ♦ Distribucion: BLANCA - Oficina Disciplinaria   AMARILLA - Recluso (despues de la resion)



FORM 2171A (4/09)
Side 1

Case 6:14-cv-06491-FPG-MWP   Document 1-3   Filed 08/26/14   Page 14 of 95
STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## Southport  Correctional Facility
### INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre)<br>King, Marcus | 12A1122 | C-11-19 |
| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE<br>Drug Testing Room | INCIDENT DATE ♦ FECHA<br>10/10/13 | INCIDENT TIME ♦ HORA<br>2:00pm |

**3. RULE VIOLATION(S) ♦ VIOLACIÓNE/ES**

113.25 An inmate shall not posses any narcotic or contolled substance or marijuana

**4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE**

On 10/10/13 at 1:15pm I, co J.Robinson, received a greem leafy substance from c.o. Tillinghast that he found on inmate King 12A1122. I took the substance to the drug testing room to be tested. I weighed the substance and the amount was 0.2 grams, I then took photos of the substance. I, c.o. J. Robinson, then tested the substance using NIK test kit E were a Purple blue-violet color developed indicating the presents of Marijuana. . At 2:00 pm after using the NIK Polytesting System it was determed that the substance material is in fact Marijuana. There was no substance left after testing.

| REPORT DATE ♦ FECHA<br>10/10/13 | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME<br>J. Robinson | SIGNATURE ♦ FIRMA<br>C.O. J. Robinson | TITLE ♦ TÍTULO<br>C.O. |
|---|---|---|---|

**5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESS (if any)**
ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)

SIGNATURES:
FIRMAS:  1. _____
2. _____
3. _____

NOTE: Fold back Page 2 on dotted line before completing below.

DATE AND TIME SERVED UPON INMATE _____      NAME AND TITLE OF SERVER _____
FECHA Y HORA DADO AL RECLUSO _____          NOMBRE Y TÍTULO DEL QUE ENTREGA _____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

### NOTICE ♦ AVISO

REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse. .

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

Distribution: WHITE - Disciplinary Office   CANARY - Inmate (After review) ♦ Distribucion: BLANCA - Oficina Discipliaria   AMARILLA - Recluso (despues de la resion)







**UI# 13-0055 10-10-13 11:15 AM**          **INMATE KING, M. 12A1122 C-11-19**



**PHOTOS BY C.O. TILLINGHAST**



**Contraband/Evidence Photograph Card**

Item Description: Green leafy substance

Date/Time/Found by: Tillinghast

Facility Contraband/Evidence Control #:

Inmate Name: King

DIN #: 12A1122

Where found:

Photographer: J Robinson

Electronic UII/Contraband #'s (if applicable):

Facility

Contraband #:

UII:







1st appeal

[illegible]

[illegible]

Mr. Albert Prack [illegible] Tape # 13-447

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

Dear [illegible],

I am [illegible] in connection [illegible] the following [illegible] Hearing:

Hearing [illegible]:

Date [illegible]:

Date [illegible]:

Type [illegible] [illegible] which [illegible] and [illegible] in accordance with [illegible] I request that [illegible] and [illegible] my [illegible] hearing [illegible] [illegible] [illegible] Not Guilty [illegible] [illegible] [illegible] 24 [illegible] the following [illegible] [illegible] [illegible] [illegible] and [illegible]. I was found Guilty of all charges.

I [illegible] the following [illegible] During my hearing:

Denied of Adequate

[illegible]

My Due Process was violated [illegible]. I [illegible] My (E.A) [illegible] a written request [illegible] would [illegible] that I [illegible] [illegible] [illegible], all [illegible] related to incident, [illegible] and

([illegible])

[illegible] [illegible] [illegible] [illegible] ... [illegible] assistant [illegible] was available but not produced at the hearing. I was [illegible] provided with [illegible] of the [illegible] documents until after the last adjournment of the hearing. Nothing in the record of hearing would reflect my assistant [illegible] any [illegible] with [illegible] (C.O.) or provided me with my documents, in fact I [illegible] the [illegible] [illegible] being denied my assistant [illegible] [illegible]. The [illegible] of the [illegible] assistance [illegible] impaired the petitioner's ability to present a defense, [illegible] the hearing and [illegible] that all [illegible] to the charges [illegible] from petitioner's institutional records. [illegible] Dailey V. [illegible], [illegible] N.Y.S. 2d 104 ([illegible] Dept. [illegible]) citing [illegible] V. [illegible], [illegible] N.Y.S. 2d [illegible] ([illegible] Dept. [illegible]) and [illegible] V. State of N.Y. Dept. of Correctional Services, [illegible] N.Y.S. 2d [illegible] ([illegible] Dept. 19[illegible]).

"Denied of Witness"

My [illegible] right and constitutional right to call witnesses [illegible] violated in [illegible] of N.Y.C.R.R. [illegible] [illegible]. At [illegible] hearing [illegible] I [illegible] requested [illegible] [illegible] to be called as a witness on my behalf [illegible] [illegible] requested [illegible] was denied and excluded without any explanation nor did I receive any [illegible] and the record [illegible] [illegible] explain. [illegible] should be [illegible] [illegible] V. [illegible], [illegible] 2d [illegible], [illegible] N.Y.S. 2d [illegible]; [illegible] V. [illegible], [illegible] 2d [illegible], [illegible] N.Y.S. 2d [illegible] and [illegible] V. [illegible], [illegible] 2d [illegible], [illegible] N.Y.S. 2d [illegible] ([illegible] [illegible] reference [illegible] [illegible] [illegible] ([illegible] D.N.Y. 2004)

Upon calling inmate witnesses [illegible], [illegible] and [illegible] [illegible] on my behalf [illegible] be [illegible] [illegible] of [illegible] institutional goals. Both [illegible] were not allowed to testify [illegible] my [illegible] [illegible] [illegible] a fair opportunity to present [illegible]. [illegible] [illegible] the right to call witnesses [illegible] [illegible] V. [illegible], [illegible] [illegible] N.Y.S. 2d [illegible], I [illegible] [illegible] ([illegible]) that I [illegible] [illegible] questions

*[This page is handwritten and largely illegible.]*

(4 [illegible])

[illegible] hearing that [illegible] and information [illegible] requested [illegible] the [illegible] of the allegations against me [illegible] material [illegible] and [illegible] for the [illegible] information to be confidential according to [illegible]. [illegible] v. [illegible] ([illegible]); [illegible] v. [illegible] [illegible])

[illegible] right to [illegible] evidence [illegible] hearing [illegible] process [illegible] [illegible] and [illegible] v. [illegible] N.Y. [illegible] Misc [illegible]

However, I was not afforded an opportunity to [illegible] this [illegible] or [illegible] the [illegible] confidential information [illegible] examination [illegible] evidence. [illegible] the [illegible] evidence [illegible] v. [illegible]

The [illegible] received [illegible] the denial of my request [illegible] and [illegible] the [illegible] information. [illegible] violating my due process [illegible] rights

Pursuant [illegible] [illegible] the facts in the case, the [illegible] violations [illegible] hearing determination [illegible] v. [illegible]

Moreover, the [illegible] right to call [illegible] has been held [illegible] due process [illegible] v. [illegible] v. [illegible]

[illegible] hearing [illegible] call [illegible] v. [illegible] Witness [illegible] v. [illegible]

## Conclusion

In addition

2nd
appeal

[illegible handwritten heading line]

[several illegible handwritten lines]

Dear Sir,

I am hereby appealing from a Determination of the following superintendents hearing:

Hearing date: 1/23/14 and/or 1/24/14

Date of Disposition: 1/24/14

Date of Incident: 10/10/13

Disposition Received: 6 months recommended loss of good time, 5 months loss of phone, commissary, packages, 5 months loss of all visitation and 5 months confinement to cell. In accordance with section 2.43 of title 7 N.Y.C.C.R.R., I request that you review and reverse my superintendent's hearing. The hearing commenced on 1/23/14 at 2:00 pm and I was unlawfully deprived of the right to appear at my hearing, offer a defense and comment on the charges and evidence. I was found guilty of the charges: 113.10 Weapon and 114.10 Smuggling in a Misbehavior Report signed by C.O. T. Tillinghast and charge: 113.25 Drug Possession in a M.R. signed by C.O. T. Robinson. The following witnesses testified: Sgt. Speights on 1/23/14, C.O. Robinson and C.O. T. Tillinghast both on 1/24/14.

## Statement of Facts

On 10/10/13 while lawfully housed in C block 3.1 floor 11 gallery located in southport. I was enroute to scheduled facility shower I was met by C.O. T. Tillinghast and C.O. Kelly at the entrance of #3 shower. I was given a direct to face the back of the shower wall. I complied and was hit, struck and

punched about the Facial and torso was causing me to sustain a chipped tooth, Disfigurement of my upper right front teeth and other injuries. I was directed to lift my leg one at a time so that both above mentioned officers can Remove my underwear so that C.O. Tillinghast can perform an illegal and unlawful "Body Cavity Search". C.O. Tillinghast Forcefully shoved his finger(s) inside my rectal Cavity inwhich according to directive #4910 carded of search for contraband Section (11) 2 Authorization @ "a body cavity search shall be Conducted by a facility Physician under central office Physician Guidance". The operative facts of C.O Tillinghast Report alleges "On the above date and time while conducting a pat frisk of inmate King (12A1122), I felt an unusual bulge in the inmates Rectal area". C.O. Tillinghast goes on and states in this same Report "During the Strip frisk I saw a white package between the inmates buttocks". This Report is False, Incredible and does not Coincide with ordinary human experiences! Theres possibly No way Co Tillinghast would've ever been able to feel a bulge between my rectal area during a "Pat frisk" while only being Clothed with Just underwear unless C.O. Tillinghast indeed Conducted an illegal body cavity search and forcefully Shuck his hands into my private areas while I was Still mechanically Restraint in the shower! After, I was immediately escorted to the isolation Drug/Contraband watch room by these (2) officers and Stripped of my clothing and placed in D.M-33 cell where I was compelled to provide Defecation Samples for 7 days inwhich were negative for any Contraband. As of Such Cocurrence I was subsequently "set up" with the above mentioned charge I was retaliated against and falsely accused of charges that stems from a Quarrel that took place a week prior to the incident date of 10/10/13 between myself and C.O. Tillinghast. C.O Tillinghast Deprived me of my right to participate in Daily recreation without any reason inwhich lead up to an exchange of words I was then threatend and told that he'll "Come back and get me". In attempt to Substantiate my Claims I requested witnesses on my behalf and recreation Log. that have Co Tillinghast had recreation fist and that I infact requested Recreation but wasn't

+ alluded this Constitutional Right.

I believe that the following procedural violations Occurred During my hearing;

### Misbehavior Report lack Specification
### Of the particulars authored By C.O. Robinson

Fundamentally, 7 N.Y.C.R.R § 251-3.1 (c)(1) provide that "The misbehavior report shall include the following.. A written specification of the particulars of the alleged incident of misbehavior report involved. The Misbehavior Report Must describe with precisely an incident which the author claim to have witnessed and the rules alleged Violated; See Bryant V. Coughlin, 77 N.Y. 2d 642 (ct. app. 1991) and see Abdur-Raheem V. Mann, 85 N.Y. 2d 113 (ct. app. 1995)

I am challenging the insufficient notice of charges as to the charge of possession of Marijuana. I was found guilty of a (M.B.R) written by C.O Robinson for allegedly possessing a green leafy Substance that was handed to him by CO. Tillinghast who alleges to have recovered such substance from my Person. The (M.B.R) written By C.O. Robinson failed to provide me with adequate notice of the charges to enable me to prepare a meaningful defense as it was not detailed in the Body of the report the factual basis for the charge with enough particularity to enable me to identify and marshall pertinent facts to prepare an effective defense.

The (M.B.R) listed the location of the incident as the "Drug Testing Room" with my name and numbers placed in a designated line on the Top of the report. The report failed to establish also the connection between me and the substance the (M.B.R) written by C.O Robinson Omitted (A) Time of incident (B) Place of incident (C) Date of incident Much which the report date and time of incident Exclusively referred to when C.O Robinson received the substance and when he operated the drug testing Machine and finally, (D) The record Clearly reflects in a prior hearing, Proceeding that upon Cross examination C.O Robinson never ascertained the facts of the incident whatsoever, Nor was he present of observed the incident.

7, N.y.c.R.R § 251 2.1(a) section c) the regulation provides that "the (MISR) must set forth the date, time and place c) the offense. The Disciplinary rule alleged! Violated and the factual basis for the charge with enough particularity (details, to enable the inmate to prepare a defense": With the above in mind the hearing Officer and C.O. Robinson clearly violated my Due Process Rights. In a landmark issue in the Matter of Simmons v. Fischer, 965 N.Y.S 2d 669 (3rd Dept 2013) also citing matter of Hakeem v. Coombe, 650 N.Y.S 2d 519 (3D. Dept 1996) The court annulled the Determination of guilt and Ordered all references to the charges expunged from petitioners institutional records.

Additionally, pursuant to 7 N.Y.C.R.R § 251-2.1(3) and (c)(2) misbehavior Report, (1) the MISR shall be made by the employee who has observed the incident or who has ascertained the facts of incident (c)(3) The MISR shall include the following : The Date, Time and place of the incident

In prior hearing proceeding C.O.J. Robinson Testified on record that he Did not observe the "incident", see Harand v. coughlin, 190 n.w.2d. 1090 (4th Dept 1993) (The appellate Division held the Misbehavior Report that incorrectl! identified Date c) incident and ~~there~~ ~~discrepances~~ Did not comply with Regulation requiring the Report to include date c) incident and Thus disciplinary Determination was properly annulled) Davis v. coughlin, 200. n.y 904 (2d Dept 1954) (The Third Dept held that MISR did not comply with 7 N.Y.C.R.R 251-2.1(c)(2) because it failed to state dates and Time or even Period within which inmate allegedly interfered with Employee, verbally harassed Employee and made false statements and should have been annulled)

The Regulation Requiring the MISR To include the specific Time and Location of the incident is Designed To safeguard an inmate's Due process right to advance Notice c) the alleged Violation... The Report must be sufficiently Detailed to afford an Opportunity for preparing a defense; Mccleary v. Lefevre, 48 A.D. 2d. 866, 868.; Wolff v. McDonnell 418 u.s 539 (1971)

In furtherance, New York state D.O.C.S has promulgated in 7 N.Y.C.R.P

§ 1010.5 which governs the use of such Test Results and set forth the specific Documents that must be made part of the record at the Disciplinary hearing: (A) The request to test of suspected Contraband Drug, Form (B) The Contraband Test procedure form (C) the test Report prepared by and a side agency subsequent to testing of the substance: if any (D) a statement of the Scientific principals and Validity of the testing Materials and procedures used (E) A photo copy of the individual Test test instructions for each test used.

Here, the hearing officer D.S.S Lamanna Reveals in his Disposition a a statement of the scientific principals and validity of the testing Materials and procedures used a the photo copy of the individual test instructions for any test used was not provided to me nor were they made apart of the hearing Record. A proper foundation was not laid and that proper testing procedures were not allowed, see Booker v. Lacorde, 72, A.D. 2d 1369 (3d Dept 2010) (no proper foundation was established for an admission of the positive N I K test result, where No statement of the scientific principals and Validity of the Testing Materials and procedures used was admitted into evidence at the hearing a provided to the inmate and there was no Testimonial evidence of the procedures used by the testing officer.) see also Ninga V. Lacorde, 44 A.D. 3d 1666 (2d Dept 2007)

## Presence at hearing Denied

7, N.Y.C.R.R 254.6 (A)(2) provided that "the inmate shall be present at the hearing, unless he or she refuses to attend, or is Excluded for reasons of institutional safety or correctional goals". An inmate has a fundamental Right to be present at his or her Disciplinary hearing Rush v. Goord. 770, N.Y.s 2d. 191. unless he or she Waives such Right or refuses to attend. Here, I did not refuse or Waive my right to attend my hearing nor was I a threat to the institutional safety or correctional goals. I've attended and participated in prior hearing proceedings Regarding this matter and in

Requested Employee assistance for this Re-hearing.

The hearing officer Erred when he did not make any effort(s) to ascertain whether or not I actually refused to attend the hearing. Nor did he attempt to make any inquiry to determine if I willfully refused to attend the hearing as he "alleges" in his Disposition. In fact I was never asked if I wanted to attend such by hearing by Co.Chasen or Sgt Springles, as alleged in the Disposition created by (H.O) "S.S.S Lamanna. (H.O) alleges in his Disposition that (A) I failed to give any reasons for not attending and (b) alleges that he "personally" spoke with me at my cell regarding my refusal and still failed to state the reason for why I allegedly "waived" my right to attend after he "personally" spoke with me, is because this alleged communication NEVER happened!!! (why would I refuse to attend my hearing after I've participated in every part of the proceeding??)

Furthermore, if an inmate refuses to attend his hearing he must be advised of the consequences for his failure to attend (such as the hearing will continue in his absence). See Tafari v. Selsky, 34 N.Y.S.3d. 306 (3d Dept 2007)" without evidence that petitioner was so advised, the record does not established that that knowingly and voluntarily waived his right to attend and the (H.O) should not have held the hearing in this absence" It's clear that my Due Process right provided in 7 N.Y.C.R.R § 254.6(A)(2) To attend my hearing was violated and such hearing Disposition created by H.O must be reversed and expunged from my institutional record. I was not provided an opportunity to sign a hearing refusal form. H.O never personally communicated with me concerning the alleged refusal and I did not make a knowingly Voluntarily and intelligently Waiver of my right to attend hearing.

Deprived of adequate
Employee assistance

7 N.Y.C.R.R § 251.4(1) requires it

inmate charged, to explain the charges to the inmate, interview witnesses and to report the results of his efforts to the inmate. He may assist the inmate in obtaining documentary evidence or written statements which may be necessary"... thus, I provided my employee assistant Sgt. Chapman with a written request to provide me with up to 15 requests including a copy of the unusual incident report, hearial aid Tapes witnesses, to interview witnesses and all w/ trans forms. To this request my (E.A) refused to provide me with any documentary evidence returning back to me a copy of my written request of assistance written in his hand writing in red ink stating the reasons for why my requests are being denied.

My (E.A) assistant told me that he's not interviewing anyone and that I have already received requested documents previously at another hearing proceeding. I've explained to my (E.A) that upon Being moved to a New cell location within the facility I've lost those requested documents in the process of moving and that I have never received certain documents. Nothing in the record will reflect that my (E.A) interviewed any of the indicated witnesses or provided me with any requested documents. In fact, it is evident that I've refused to sign the (E.A) form) acknowledging that my assistance assisted as requested and satisfactory. As a matter of law in the matter of Eng v. Coughlin, 858 F. 2d 59 515 (2d cir 19..) The court held in its Jurisprudence that prison authorities have a constitutional obligation to provide assistance to the inmate in gathering evidence, obtaining documents and relevant Tapes and interviewing witnesses.

With the above in mind, my Due process Rights under I.N.Y.C.R.R § 254 4.2 was violated. further, the court held that the inadequate assistance had impaired the petitioners ability to present a Defense, Annulled the hearing and ordered that all references to the charges be expunged to petitioners records, See Conly V. Fischer, 94 N.Y.s. 2d. 744 (2013 3d. Dept'

## Untimeliness

Subdivision (b) of 7 N.Y.C.R.R 251-5.1 provides that "the disciplinary hearing or superintendent's hearing must be completed within 14 days between the "writing of the Misbehavior Report unless otherwise authorized by the commissioner or his designee". It is also noted to all superintendent's indicating that a rehearing is to be conducted within the same time frame as an initial hearing, pursuant to 7, N.Y.C.R.R 251-5.1(b). Here, the record indicates that the facility superintendent of Southport C.F. received notice the Director for special hearing mr. albert prack, ordered a new hearing at least on January 9, 2014 and so ordered that the rehearing be commenced and completed within (14) days of the receipt of such notice.

Here, hearing officer alleges that hearing was commenced and completed on 1/23/14 at 3:00 pm on page (1) of said Disposition Thus satisfying the requirement of 7 N.Y.C.R.R 251-5.1(b). However, on page (2) of disposition Rendered by Hearing officer D.S.S Lamanna denotes that said hearing was completed on 1/24/14 thus violating the (14) day time requirement provided in 7, N.Y.C.R.R 251-5.1(b) and the notice provided by mr. prack. My Re hearing proceeding was not completed in a timely fashion according to the (Witness / Inmate Notice form) provided by the (14) which states C.O. J. Robinson and C.O.1 Tillinghast didn't testify until 1/24/14 making it past the (14) day requirement. The record wouldn't reflect any extension granted in this proceeding.

In the matter of Bruce Hawkins v. Scully, 536 N.Y.S. 2d 846, 146 A.D. 2d 627, (N.Y A.D. 2 dept. 1989) The Supreme Court appellate Division held that: Rehearing was not held within applicable time period, and charges against Inmate had to be dismissed. See DeHelmer v. Scully, 110 A.D.2d 671, 487 N.Y.S. 2d 461; Iozada v. Scully, 108 A.D. 2d 859, 185 N.Y.S. 2d 511 and Grosvenor v. Delsheim, 90 A.D. 2d 1150, 454 N.Y.S. 2d 533).

<u>Conclusion</u>

Please take into consideration the harsh and excessive penalties imposed, The accumulative and repetitive Violations of Due Process and the Many contradictions of the Reports relied upon and testimony given by prison officials. I was deprived of a fair and fair hearing and Impartial (H.O) pursuant to 7 N.y. C.R.R § 253.1(b). By way of behave Dispute of a colorable claim of innocence in all proceedings regarding his matter, a fair and fair Reversal and expungement should be upheld at a high level of review. please Listen to the Tape recording at my superintendent's hearing and notify me of your Decision.

Respectfully, submitted,
Dn Markus King #12A1132
Southport C.F. P.O. Box 2000
Pine City, N.y. 14871-2000
2/m/14



( 1st Appeal )

# Prisoners' Legal Services of New York

Karen L. Murtagh
**Executive Director**

114 Prospect Street
Ithaca, New York 14850
Tel. (607) 273-2283
FAX (607) 272-9122

Betsy Hutchings
**Managing Attorney**

Elizabeth Watkins Price
Melissa Loomis
Kristina Moon
**Staff Attorney**

January 2, 2014

Albert Prack, Director of Inmate Discipline
New York State Department of Corrections
    and Community Supervision
Building #2, State Campus
Albany, New York 12226

### Re: Marcus King, # 12-A-1122

Dear Mr. Prack:

On October 10, 2013, Officer Tillinghast issued a misbehavior report against Marcus King, charging him with weapons possession and smuggling. Officer Tillinghast stated that while performing a strip search on Mr. King, he observed a white package containing a ceramic razor and a green leafy substance in Mr. King's rectal area. That same day, Officer Robinson wrote a second misbehavior report charging Mr. King with drug possession, and stated that the green leafy substance tested positive for marijuana.

At his Tier III disciplinary hearing, Mr. King pled not guilty to all charges and stated in his defense that the charges were made in retaliation for a previous altercation Mr. King had had with Officer Tillinghast earlier that month. Mr. King called two inmate witnesses, Inmate Bell and Inmate Chambliss to testify in support of his retaliation defense. When the hearing officer called Inmate Bell, Mr. King requested that Hearing Officer Tanea question him regarding Mr. King's previous altercation with Officer Tillinghast. Hearing Officer Tanea failed to pose any questions regarding the prior altercation to Inmate Bell. Hearing Officer Tanea denied Mr. King's request to call Inmate Chambliss, denominating Chambliss as a redundant witness who was not near the location of the incident.

Hearing Officer Tanea called Officers Tillinghast and Robinson to testify at the hearing. Although Officer Robinson's testimony can be heard on the hearing tape, Officer Tillinghast's testimony appears not to have been recorded. Mr. King later objected to Hearing Officer Tanea's refusal to allow him to question Officer Tillinghast about the prior altercation and his

1

possibly retaliatory submission of a false misbehavior report, questions that were relevant to his defense.

Hearing Officer Tanea found Mr. King guilty of all charges and sentenced him to twelve months in SHU. Hearing Officer Tanea stated in his written disposition that he based his determination in part on Officer Tillinghast's verbal testimony. Superintendent Wenderlich later modified Mr. King's penalty to nine months in SHU.

I request that you reverse the disposition against Mr. King because a critical portion of the hearing was not recorded,[1] and because Hearing Officer Tanea violated Mr. King's right to present witness testimony and to present a defense.

I.      It is impossible to conduct a meaningful review of Mr. King's appeal, as vital portions of the hearing are absent from the hearing tape

According to Department of Corrections and Community Supervision regulations, a disciplinary hearing must be recorded in its entirety. 7 NYCRR 254.6(a)(2). The purpose of electronic recording is to permit review of disciplinary hearings by a higher authority. Matter of Berrios v. Kuhlman, 143 A.D.2d 475, 477 (3d Dep't 1988). Minor or sporadic gaps in hearing tapes that do not preclude meaningful review do not warrant reversal. Matter of Wilson v Coombe, 237 A.D.2d 831, 832 (3d Dep't 1997). However, if a hearing is not recorded in its entirety, and the disposition relies on the unrecorded portions of testimony, the hearing must be reversed. See Matter of Scott v. Coughlin, 161 Misc.2d 777 (Supreme Court, Dutchess Co. 1994) (reversing and expunging a disciplinary hearing where confidential testimony was cut off after only two minutes, and the hearing officer relied on the confidential testimony to reach his disposition).

The tape recording provided to PLS in response to our FOIL request is missing at least Officer Tillinghast's testimony and shows that Mr. King's hearing was not recorded in its entirety. Hearing Officer Tanea relied on Officer Tillinghast's testimony to reach his disposition against Mr. King. Thus, a critical evidentiary basis for Hearing Officer Tanea's determination of guilt was not preserved.

In addition, Mr. King objected that he was unable to question Officer Tillinghast regarding matters relevant to his defense, and the deficiencies in the hearing recording make it impossible to assess the validity of this objection.

---

[1] The hearing tape supplied to PLS, labeled 13-449, abruptly cuts off on Side A during a discussion between Hearing Officer Tanea and Mr. King regarding the availability of the log books on the day of the strip search. The tape resumes on Side B with Hearing Officer Tanea stating that when the hearing last adjourned, Mr. King requested Sergeant Belz to testify as a witness. Officer Tillinghast's testimony was not on the tape with which we were provided, but is referred to later in the recording, and mentioned in the written disposition. Based on the gap in the recording, and the absence of Officer Tillinghast's testimony, it appears that the hearing was not recorded in its entirety. On January 3, inmate records at Southport Correctional Facility could not confirm whether there was an error in the duplication of the recording tape, or if a section of the tape was actually missing. PLS is not in a position to further investigate this matter, however, if your investigation confirms that the tape recording was deficient, we ask that you reverse the hearing.

The deficiency in the tape recording is neither minor nor sporadic. Rather, the failure to record Officer Tillinghast's testimony — the officer who allegedly found the material later determined to be marijuana — was a basis of Hearing Officer Tanea's determination of guilt and is essential to a meaningful review of the hearing. In light of the failure to record this testimony, Mr. King's Tier III hearing must be reversed.

II.   Mr. King was not permitted to provide relevant witness testimony to support his defense of retaliation

Inmates have a constitutional and regulatory right to call witnesses during disciplinary hearings, provided that the witness testimony is material and not redundant. See generally Wolff v. McDonnell, 418 U.S. 539 (1974); 7 NYCRR 254.5. When justified by security concerns, a hearing officer may interview a witness outside of the accused's presence, and permit the accused to submit questions for the witness and review the taped testimony. 7 NYCRR 254.5(b). When relevant, an inmate should be permitted to call witnesses in support of a retaliation defense. See, e.g., Matter of DeBoue v. Fischer, 968 N.Y.S.2d 260 (3d Dep't 2013); Matter of Lopez v. Fischer, 952 NYS2d 694 (3d Dep't 2012).

To support his retaliation defense, Mr. King asked Hearing Officer Tanea to question Inmate Bell regarding the previous altercation between Mr. King and Officer Tillinghast. Hearing Officer Tanea instead questioned Inmate Bell about the strip search incident, which Inmate Bell did not witness. Mr. King later asked Hearing Officer Tanea to question Inmate Chambliss regarding the prior incident with Officer Tillinghast. Hearing Officer Tanea refused to call Inmate Chambliss, and stated on the hearing record form that the witness was redundant, and was not present during the strip search.

Hearing Officer Tanea failed to ask Inmate Bell any of Mr. King's questions regarding the previous altercation with Officer Tillinghast. Hearing Officer Tanea questioned Inmate Bell solely about matters unrelated to the purpose for which Mr. King sought his testimony, and effectively deprived Mr. King of his right to present witnesses and fatally impaired his right to present a defense.

Furthermore, Hearing Officer Tanea erred in characterizing Inmate Chambliss's testimony as redundant. Mr. King requested Inmate Chambliss's testimony in order to present information in support of Mr. King's retaliation defense. Other than Mr. King's statement, no evidence of this nature had yet been submitted for the record. This is an especially grievous error, given Hearing Officer Tanea's failure to present Mr. King's questions regarding his retaliation defense to Inmate Bell. Hearing Officer Tanea's refusal to call Inmate Chambliss based on redundancy therefore violated Mr. King's right to call witnesses on his behalf and undermined Mr. King's presentation of his defense.

I request that you reverse the disposition against Mr. King due to Hearing Officer Tanea's failure to record a significant portion of Mr. King's hearing, including the testimony of Officer Tillinghast, upon which Hearing Officer Tanea relied to reach his disposition. Additionally, I request that you reverse the hearing based on the hearing officer's failure to allow Mr. King

either to elicit testimony from Inmate Bell relevant to his retaliation defense or to call Inmate
Chambliss to support his retaliation defense.

Sincerely,

Melissa Loomis

# Prisoners' Legal Services of New York

Karen L. Murtagh
**Executive Director**

114 Prospect Street
Ithaca, New York 14850
Tel. (607) 273-2283
FAX (607) 272-9122

Betsy Hutchings
**Managing Attorney**

Elizabeth Watkins Price
Melissa Loomis
Kristina Moon
**Staff Attorney**

April 2, 2014

Albert Prack, Director of Inmate Discipline
New York State Department of Corrections
    and Community Supervision
Building #2, State Campus
Albany, New York 12226



### Re: Marcus King, # 12-A-1122

Dear Mr. Prack:

On October 10, 2013, Officer Tillinghast issued a misbehavior report against Mr. King, charging him with weapons possession and smuggling, and Officer Robinson wrote a second misbehavior report charging Mr. King with drug possession. Hearing Officer Tanea found Mr. King guilty of all charges and sentenced him to nine months in SHU. On January 9, 2014, you ordered a rehearing to be completed within fourteen days.

Hearing Officer Lamanna began Mr. King's rehearing by stating that Sergeant Speights, the hearing escort officer, had informed him that Mr. King refused to come to the hearing, and asked the he be given the disposition when the hearing concluded. Sergeant Speights later testified that Mr. King refused to come to the hearing, and refused to sign the refusal form. Sergeant Speights never stated whether she informed Mr. King that the hearing would take place in his absence, and Hearing Officer Lamanna never questioned whether Sergeant Speights had imparted this information to him. Mr. King contends that he was not aware that the hearing had begun, and that he would have attended had he been given the opportunity.

Officer Tillinghast testified that during a strip frisk, he found a ceramic object on Mr. King's person, and that he considered the ceramic object to be a weapon. Mr. King denies that he was ever in possession of this object. The object in question is one and half inches long, only three-eighths of an inch wide, and in the shape of a trapezoid.[1] Officer Tillinghast stated that the

---

[1] For your reference, I have attached the photo of the ceramic object, and have attached a prototype of the object to demonstrate the object's true size.

object was wrapped in paper and tape, and he believed the paper and tape had been formed into a "holster" and "handle."

Hearing Officer Lamanna found Mr. King guilty of all charges and sentenced him to eight months in SHU and recommended a six-month loss of good time. I request that you reverse the disposition against Mr. King, as Hearing Officer Lamanna violated Mr. King's right to attend the hearing. I further request that you dismiss the weapons possession charge, as it is not supported by substantial evidence.

### I. ✗. Hearing Officer Lamanna violated Mr. King's right to be present

Inmates possess both a federal due process right and a state regulatory right to be present at a prison disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539 (1974); Title 7 NYCRR § 254.6(a)(2). There must be evidence in the record to show that an inmate's refusal to attend is knowing, voluntary, and intelligent. Pagan v. Goord, 298 A.D.2d 735 (3d Dep't 2002). If an inmate allegedly refuses to attend the hearing, the record must demonstrate that the inmate was informed of his right to attend the hearing and the consequences of failing to appear. Tafari v. Selsky, 836 N.Y.S.2d 206 (3d Dep't 2007).

Sergeant Speights testified that Mr. King refused to come to the hearing, and refused to sign the refusal form, but did not testify that she informed Mr. King that the hearing would take place in his absence, and that he could be found guilty. Mr. King contends that he was not aware that the hearing had taken place, and that he would have attended had he known the hearing had commenced. Given Mr. King's contention, Sergeant Speights and Hearing Officer Lamanna's failure to fully inform Mr. King of his right to attend and the consequences of failing to appear was an exceptionally serious mistake.

I request that you reverse the disposition against Mr. King, as Hearing Officer Lamanna failed to ensure that Mr. King was aware that if failed to attend, the hearing would take place in his absence, and therefore violated his right to be present at the hearing.

### II. The weapons possession charge is not supported by substantial evidence

The determination that a prisoner is guilty of misbehavior must be supported by substantial evidence. See Matter of Bryant v. Coughlin, 77 N.Y.2d 642 (1991). That is, the evidence must "constitute the type of relevant proof that a reasonable mind would accept as adequate to support the determination at issue." Matter of Hemphill v Selsky, 808 N.Y.S.2d 503 (3d Dep't 2006). To be found guilty of a weapons possession charge, an inmate must be found in possession of "an instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing bodily harm." 7 N.Y.C.R.R. § 270.2. See also, Matter of Green v Goord, 807 N.Y.S.2d 729 (3d Dep't 2006) (finding that an inmate could not be found guilty of a weapons charge for throwing hot water).

Officer Tillinghast testified that he found a ceramic weapon on Mr. King's person.[2]  He failed to mention, however, that this alleged weapon was a mere inch and half long, three-eighths of an inch wide, and was in the shape of a blunt trapezoid.  The "weapon" in question is no larger than a standard size paper clip, and clearly not "readily capable of causing bodily harm."  The ceramic object therefore does not "constitute the type of relevant proof that reasonable mind would accept as adequate" to support a weapons possession violation.

Officer Tillinghast overreached by classifying a small ceramic object as a weapon and using this as a basis to charge Mr. King with weapons possession.  The weapons charge is not supported by substantial evidence, and therefore must be dismissed.

## Conclusion

I request that you reverse all charges against Mr. King, as Hearing Officer Lamanna violated his right to attend the hearing.  I further request that you reverse the weapons charge against Mr. King, as this charge is not supported by substantial evidence.


                                        Sincerely yours,


                                        Melissa Loomis

---

[2] Mr. King contends he was never in possession of this object.  I do not concede that Mr. King possessed this object; only that assuming Officer Tillinghast did find such an object, that this object could not be considered a weapon.

EXHIBIT
H

# KING, MARKUS
**Southport Correctional Facility**

## DIN: 12-A-1122
## Case#: 13-It- 002593

**Issue: 403-Complaints re: guard**

**Status:** Closed
**Intake:** 10/23/2013
**Opened:** 10/23/2013
**Closed:** 10/23/2013

```
Office:   Ithaca                          US Citizen
Unit:     (not specified)                 SS#:      -  -
Handler:  Hutchings, Betsy                Sex:    Male
Closer:   Hutchings, Betsy                DOB:    11/03/1986
                                          Lang:   Unknown
ISSUE:                                    Ethn:   African American

        403-Complaints re: guard
        At:   Southport Correctional Facility
        Unit: (none specified)
```

NOTES:

> MK writes that on 10/10/13 he was physically and sexually assaulted by guards at SP after he had been escorted from his cell for a shower. He was told to kick off his shower shoes and face the back wall of the shower, he was punched on the back, ribs, head, and side of his face, following which his face was slammed into the wall, breaking one of his teeth, ordered to remove his underwear, and told to bend forward, whereupon O Tillinghast performed a body cavity search. He was then put in an contraband watch cell for 7 days.

> MK got a MR for possession of drugs and weapons concealed between MK's buttocks (that was the basis of the strip frisk, according to the report), drug use (based on urinalysis testing), and smuggling.

> With respect to the use of force, bc there were no serious injuries, we sent Use of Force & Self Help materials.

> We will offer assistance with the Tier III if the penalty is sufficiently serious under another case number.

STATUS INFORMATION:

```
        Problem:          403-Complaints re: guard
        Disposition:      No PLS Disposition
        Major Impact:     NO
        Citizenship Attest: Not on file
        Retainer agreement: Not on file
        Funding Source:   New York State
        Referred by:      NOT SPECIFIED
```



Markus King 12A1122

da-8    10-20-13

RECEIVED

OCT 24 2015
574 71
SOUTHPORT GRIEVANCE

( Inmate Grievance program )

On or about 10-10-13 approximately 9:30 AM On C-block 3rd Floor Eleven gallery where I was housed on the above date and time, I was being Escorted Outside Mycell to take a scheduled shower. Upon My arrival at the shower I was Ordered by C.O Tallinghast, Officer Kelly and Other unknown Officers to Step inside the shower. I then complied and as I entered the shower I was Followed by C.O Tallinghast ; C.O Kelly while Other unknown prison Officials; Officers and unknown sgt was present inside shower door way, I was Ordered by C.O Tallinghast to Kick My Slippers off ; Walk bare feet on the cold, Filthy shower Floor to the back of the shower Wall With My Face in the Corner and Not to Move. Suddenly I was Viciously and unLawfully Attacked with Forceful blunt blows to My back, Ribs, head, side of My Face ; I was grabbed by the back of My Neck ; he rammed My Face into the shower Wall chipping and dis Figuring My Top right teeth asking Me "Didn't I tell you I was going to Come back?" "Say something New". I was then held by C.O Kelly who assisted C.O Tallinghast in the attack ; I was Ordered to Lift My Leg up One at a time So that My underwear Can be removed by Officers While I was still Mechanically Restrainted With handcuffs to the rear. at this time I was told to bend While being assisted by officers to a 90° anglE. I Complied out of Fear For My Well-being, risk of Further Injury and because I was Likely to be Charged ; Convicted of Disciplinary Offenses or New Crimes. I Stated repeatedly " I didn't do anything and I don't have Anything". I Was then told iF I Make Any Sudden Movements that I will be "Dumped" ; IF I Said another Word he (C.O Tallinghast) Said "I'll Lie ; Say you Kicked Me in the Balls and that'll Make things really Worst For you". Officer Tallinghast begin to Perform a Body Cavity Search

With his fingers & forcefully shaking them inside my rectal cavity Inwhich it is "Consistant with his MBR document" embraciating that I was in possession of a weapon and green leafy substance inwhich he stated on his Report; "while conducting a pat frisk of inmate King (12-A1132), I felt an unusual bulge in the inmate's rectal area". I was then ordered to lift my leg up one at a time so these officers can put my underwear back on. I was then placed in a waist chain & shackles and Escorted off C-11 gallery in my underwear from the shower (see C11 gallery recreation video). I was placed in a Contraband watch room for 7 days where My fecal matter & Bodily Fluids were Searched with Negative results. I later learned through CO Tallinghast who sexually assaulted & abused me that I was being charged with a weapon & drugs. Later by this same officer I was asked to provide urine Inwhich I received a MBR for positive results of Marijuana inwhich my urine sample was tampered with. At any event Im being charged twice or (2) seperate MBR's for same incident which is Double Jeopardy. I received a MBR for weapons possession and another for a green leafy substance inwhich according to CO Tallinghast's MBR that "Allegedly" both items were found on my person. A restraint order prepared by Sgt Belz stated Marijuana was found in my cell which contradicts CO Tallinghast's MBR document. Due to this Traumatic Event I am a victim of Not only sexual assault, but a violent assault and sexual abuse. I have No sense of Dignity, I have been mortified, Violated, humiliated, I am in fright, shock and Im very Embarrassed to Even make this Report but I am in total fear for my life, safety and well-being in this facility because all above mentioned prison officials in this Grievance has a reputation of "setting inmates up", being unprofessional, Wreckless, abusive, careless and very dangerous. Im requesting that I be seen by medical to Document my injuries and During all and any strip frisk proceedures that a health care provider be present, and that I also be Transferred

To another Facility For My safety. I will also like for it to be Noted that I am Severly subjected to reprisals, retaliation, sexual abuse, and sexual harrassment For Filing this Complaint with I.G.R.C. I am also requesting a full investigation in this Matter, also requesting to be removed from this area because the above Mentioned Officer is a steady in d block & I Fear that my property, Mail and Food will be taken away!

Respecfully Submitted,
Markus King 12A1122
da-8    10/20/13

CC: File
    Family
    Inspector General
    Governors Office
    P.L.S



DPOO4                 SUPERINTENDENT   HEARING DISPOSITION RENDERED
                    SOUTHPORT                              TAPE NUMBER  13-449

DIN: 12A1122 NAME: KING, MARCUS                    LOCATION: OD-OA-OOR

INCIDENT DATE & TIME:      10/10/13   11:15 AM    TIER 3

REVIEW DATE:               10/16/13              BY:  LT  DONAHUE

DELIVERY DATE & TIME:      10/17/13   08:46 AM  BY:  CO  DILDINE

HEARING START DATE & TIME: 10/24/13  10:20 am BY: DSP  Tanca

HEARING END DATE & TIME:   11/1/13   1:00 PM  BY: DSP  Tanca
WAS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y / N

| CHARGE NUMBER | DESCRIPTION OF CHARGES | REPORTED BY | DISPOSITION |
|---|---|---|---|
| 113.10 | WEAPON | CO  TILLINGHAST | G |
| 114.10 | SMUGGLING | | G |
| 113.25 | DRUG POSSESSION | CO  ROBINSON | G |

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

| PENALTY CODE | DESCRIPTION | PENALTY NO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ |
|---|---|---|---|---|---|---|---|
| A000 | SHU | 12 | 11.1.13 | 11/1/14 | | | |
| D000 | LOSS REC | 12 | 11/1/13 | 11/1/14 | | | |
| E000 | LOSS PACK | 12 | 11/1/13 | 11/1/14 | | | |
| F000 | LOSS COMM | 12 | 11/1/13 | 11/1/14 | | | |
| L000 | VISITATION | 6 MOM | 11/1/13 | 5/1/13 | | | |
| | | | | | | | |
| | | | | | | | |

SUPERINTENDENT HEARING DISPOSITION RENDERED

DIN: 12A1122 NAME: KING, MARCUS

HEARING DATE: 11/1/13

A. STATEMENT OF EVIDENCE RELIED UPON:

Written Reports Submitted by C.O. Tillinghast and C.O. Robinson, which I found to be credible, supports the Charges contained in the Report.

C.O. Tillinghast testified that he saw a bugle in your rectal area, he searched and retrieved a bundle which had green leafy material, also found a ceramic razor type weapon. C.O. Robinson stated he tested the green leafy material and it was Marisuana. Your witness didn't present any evidence to support your plea of Guilty. Your only defense was, you were set up.

B. REASONS FOR DISPOSITION:

Disposition intended to send a clear message to this inmate and others confined to this facility that smuggling weapons and drugs will not be tolerated. This type of behaviour threatens the safety and security of both Inmates and Staff. Your past Disciplinary history was considered when giving this disposition.

C. SPECIAL INSTRUCTION ON CORRESPONDENCE RESTRICTIONS AND REFERRALS

I HAVE RECEIVED A COPY OF THIS HEARING DISPOSITION DATED: 11/1/13

_____ / Restraints, 11/1/13 10_PM
HEARING OFFICER SIGNATURE    INMATE SIGNATURE    DATE & TIME RECEIVED

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING APPEAL PROCEDURES:

____ FOR TIER II HEARINGS—APPEAL TO SUPERINTENDENT WITHIN 72 HOURS.

__X__ FOR TIER III HEARINGS—APPEAL TO COMMISSIONER WITHIN 30 DAYS.

DIN: 1241122 NAME: KING, MARCUS

HEARING DATE: 11/1/13

VISITOR NAME                          RELATIONSHIP    LAST VISIT    VISITS PRIOR YR

PENALTY    PENCODE   MO DAY    START DATE    RELEASE DATE    SUSPEND    DEFERRED

ALL
NO VISITS:   L000   6  00      11/1/13    5/1/13
NONCONTACT:              __/__/____  __/__/____

HUGHES, BIANCA C                      FRIEND          07/20/2013
NO VISITS:                    __/__/____  __/__/____
NONCONTACT:                   __/__/____  __/__/____

JACKSON, TIA A                        FRIEND          07/20/2013
NO VISITS:                    __/__/____  __/__/____
NONCONTACT:                   __/__/____  __/__/____

LARMONIE, TRACY K                     FRIEND          08/19/2012
NO VISITS:                    __/__/____  __/__/____
NONCONTACT:                   __/__/____  __/__/____

NO VISITS:                    __/__/____  __/__/____
NONCONTACT:                   __/__/____  __/__/____

NO VISITS:                    __/__/____  __/__/____
NONCONTACT:                   __/__/____  __/__/____

NO VISITS:                    __/__/____  __/__/____
NONCONTACT:                   __/__/____  __/__/____



FORM 2176 (07/02)        **STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**

## WITNESS INTERVIEW NOTICE (For Superintendent's & Disciplinary Hearings)

_____ Southport _____ Correctional Facility

King, Marcus _____ 12A1122

**Inmate Name (Print)**                    DIN#

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference: Directive #4932, Sections 253.5 and 254.5.

Meadows, W   12A3129

**Requested witness:** _____

☐ Permission to call the requested witness is denied.
☒ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: 10/30/13  Explanation: SHU Facility inmate not able to attend hearing. Hearing officer was given questions to ask by King, M 12A1122, he then asked witness and played back to K.ng the testimony at hearing

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Bell, N   03R4363

**Requested witness:** _____

☐ Permission to call the requested witness is denied.
☒ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: 10/30/13  Explanation: SHU Facility inmate not able to attend hearing. Hearing Officer was given questions to ask by King, M 12A1122, he then asked witness and played back to King the testimony at hearing

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

C-11-20   Chamblis   07B3968

**Requested witness:** _____

☒ Permission to call the requested witness is denied.
☐ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: 10/31/13  Explanation: His testimony is redundent, not near the location of incident

**Signature** _____        Restraints   12A1122   11/1/13

_Hearing Officer_            Inmate           DIN        Date Received

Distribution: Original - Hearing Record   Copy - Inmate



Inmate Employee Assistance

C-11 Recreation Janueria) 9:45 10/10      None
#1140 Form                          Given Already
Requesting LogBook of 9:45 of 10/10   Given (Already Has)
C.O Robinson (Witness)          Hearing
C.O Tillinghast (Witness)                        R
Inmate Bell, D 21 cell c/11           > A-46 034363
Inmate Jose Fuentes 18 cell c/11
Photos of Weapon 3 Leafy Substance)    ATHEARING
unusual Incident Report .     Given previous
Copy of contraband Receipt for cell (19) c/11
All To/ From's    ) Given previous
use of force)
* All Documents Generated Relating To MERS (copies of all
Restraint Orders issued Regarding Incident *  Given previous

* Recreation log Book of c/11 gallery of October 1st To Show I've
Requested Recreation and "Log-in" and Entry of C.O. Tillinghast
To Show Rec was his Post of 10/1/18 or c-block *  No

* Interview of the inmates who occupied c/11 on 10/10 *

                  Jor Markies King 12A1122
                                    A-7-11

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES
SOUTHPORT CORRECTIONAL FACILITY

## ASSISTANT FORM

 **RECEIVED**

**JAN 14 2014**

TO: _SF Cedano_                    _1/12/14_

COMPLETE NO LATER THAN
CLOSE OF BUSINESS

**DISCIPLINE OFFICE**
ASSISTANT RET'D

FROM:   DISCIPLINE OFFICE

You have been selected to assist inmate:

_King_ , _Marcus_ , DIN # _12 A1122_ , Cell: _A1 1-11_

in a pending Tier 3 Misbehavior Report dated: _1/10/14_.

Pursuant to Section 251.2 of Chapter V, your role is to ensure that the inmate understands the charges, interview potential witnesses identified by the inmate and report the results of your efforts to the inmate. You may also be requested to obtain relevant documentary evidence to assist in the preparation of the inmate's defense to the charges.

**To Be Completed By Assistant:**

I initially met with this inmate on this date: _1/14/13_ at this time: _9:30 A~_.
He requested the following named inmate(s) to be interviewed as potential witnesses:

| Inmate Name | DIN | Location | Agrees to Testify | |
|---|---|---|---|---|
| Dell, D | 03R4263 | | Yes | No |
| | | | Yes | No |
| | | | Yes | No |
| | | | Yes | No |
| | | | Yes | No |

He requested the following names person(s) to be interviewed as potential witnesses:

_CO Robinson_
_CO Tilinghsst_

Other Requests: _None_

Action Taken: _____

**To Be Completed At Conclusion Of Assistance:**
I have interviewed witnesses and assisted as requested and reported the results to the inmate charged.

_____   _1/14/14_   _1:0pm_
Assistant's Signature            Date         Time

_____   _1/14/14_   _1:30pm_
Inmate's Signature               Date         Time

**DO NOT COPY**

_____   _____   _____
Witnessed By (Inmate refused to sign)    Date         Time

13

# Tier Assistance Selection Form

In accordance with the provisions in 7NYCRR, Part 251C of Chapter V, the inmate is entitled to select from an established list of staff designated as Assistants. The Assistant will provide the inmate assistance as outlined in Directive 4932, 251-4.2, in connection with charges of misbehavior filed against inmate:

KIRK, MARCUS    12 A 1122 _____ on _10_/_21_/_13_.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Inmate MUST CHOOSE THREE (3) names from the list below, NUMBERING them in the order of his preference.

(Mark 1, 2, 3)

| | | |
|---|---|---|
| ~~D. Klatt~~ | _____ T. Hourihan | _2_ D. Chapman |
| ~~J. Ayers~~ | _____ K. McFall | _____ D. Dundas |
| ~~J. Clark~~ | ~~T. Hannah~~ | _____ D. Butler |
| _____ A. Cleary | _____ N. Sampsell | _____ B. Curren |
| _____ J. Johnson | ~~D. Liddich~~ | _____ J. Shope |
| ~~T. Richards~~ | | ~~R. Abrams~~ |
| ~~C. Hungerford~~ | _____ M. McGrain | ~~D. Morales~~ |
| ~~E. Bartlett~~ | _3_ W. Harris | _____ A. Pedalty |
| ~~M. Charron~~ | ~~J. Looney~~ | _____ H. Liebson |
| ~~_____~~ | _____ R. Sheldon | _____ M. Speights |
| _____ E. Delaney | _____ W. Harris | _1_ J. Dick |
| _____ S. Neal | _____ M. Wood | _____ |

_____ R. Portalatin (Only for documented Non-English speaking Spanish inmates)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

( X )  The inmate did receive a copy of his report.
(   )  The inmate did receive a copy of all required drug testing forms (if applicable).
( X )  The inmate did / did not request a copy of Chapter V. (Given on:_____)
                                                                    Date & Time

(   )  No assistance is required (TIER II Misbehavior Report).

(   )  The inmate wishes to choose an Assistant. (Ensure that THREE (3) selections are made.)
(   )  The inmate waives his right to an Assistant.
(   )  The inmate requests a Spanish Assistant and / or Interpreter since he is Monolingual.

DO NOT COPY

Inmate's Signature: _____    Date: _____

Officer's Signature: _____    Date: _____

14



FORM 2186-SPT - RENEWAL (2/02)

STATE OF NEW YORK
DEPTARTMENT OF CORRECTIONALSERVICES
SOUTHPORT CORRECTIONAL FACILITY

REF: 7 NYCRR 305.4

RESTRAINT ORDER - RENEWAL

I recommend that inmate _King_ DIN _12A1122_ Cell location _D-A-8_

be placed on a restraint order from _10/28/13_ to _11/3/13_ because of the following reasons:

_MBR 10/10/13   113.10, 114.10, 113.25_

**R** _Weapon on person, Marijuana in cell_

**E**

**C**

**O**

**M**

**M**

**E** And to hinder this inmate from perpertrating fruther acts of violence against staff and to minimize the inmates ability to cause

**N** any injury to staff, other inmates, or to himself.

**D** I recommend [X]    Do not recomend [ ]    that this inmate be required to remain in restraints in accordance

**A** with 7 NYCRR 305.4 (e)(5).

**T**

**I**

**O** Types of restraints and manner of application will be: (Handcuffs-Behind Back), (Waist Chain,) and (Leg Restraints.)

**N**

_W. Harris_ Sergeant     _10/26/13_ Date

## Renewal Authorization

NOTICE TO INMATE: You may write to the Deputy Superintendent for Security or his/her designee to make

a statement as to the need for continuing this restraint order.

Dep. Supt for Security     _10/28/13_ Date

Distribution:   Superintendent,   DSS,   SHU Sergeant/Housing Unit,   PMS-Movement Control, Inmate

FORM 1140 (3/00)
Ref: Dir #4910

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**REPORT OF STRIP SEARCH OR STRIP FRISK**

DATE: 10-10-13
TIME: 11:15

INMATE NAME: KING, M          DIN#: 12 A 1122     FRISK LOCATION: Cil Shower #3

BASIS OF SEARCH/FRISK:  GIVE REASONS  DURING PAT FRISK FELT UNUSAL BUGLE IN RECTAL

[X] PROBABLE CAUSE    AREA
[ ] OTHER

TYPE OF SEARCH

[ ] STRIP SEARCH
[X] STRIP FRISK

AUTHORIZED BY  SGT BELZ          SIGNATURE  Sgt. A Rez

NAME/RANK OF PERSON(S) CONDUCTING FRISK:

1) CO L. Tillinghast          2) _____

-- If Other Staff are Present, List Name/Rank, and Explain Why Their Presence Was Necessary and Who Authorized Their Presence:

RESULTS OF SEARCH  GREEN LEAFY MATERIAL + CERAMIC RAZER TYPE WEAPON

WAS FORCE REQUIRED TO COMPLETE THE SEARCH?  [ ] YES [X] NO

SIGNATURE  X _____

Orig. IRC (Inmate File)   cc: Captain (Retain 1 Yr.)   cc: DSS

---

FORM #2077 (Rev. 8/01)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**CONTRABAND RECEIPT**

DATE/TIME
10/10/13 @ 11:15 PM

LOCATION
C-11-19          FRISK

SOUTHPORT  **CORRECTIONAL FACILITY**

Original - Inmate
Copy    - D.S.S

OFFICER CONDUCTING SEARCH
SIGNATURE  R. Thrall

INMATE NAME: KING        DIN: 12 A 1122

PRINT NAME  R. Thrall

[ ] NO CONTRABAND FOUND    [X] NO PROPERTY DAMAGED DURING SEARCH

ITEMS CONFISCATED OR DAMAGED | WHERE FOUND | COMMENTS

NCF                                      NDD

DO NOT COPY

DISPOSITION OF ITEMS LISTED

PERSON RECEIVING ITEMS
SIGNATURE

9

YOU MAY WRITE TO THE DEPUTY SUPERINTENDENT FOR SECURITY WITHIN 7 DAYS
OF THIS RECEIPT REGARDING THE CONFISCATION OR DISPOSITION OF THESE ITEMS.

PRINT NAME



Tour II  7x3  10/10/13    Tape # 14-023    275



9 45

11-19. King 12A 11'12 moved
to D-Block  11-21 moved to D.C-25 11-19 - 2-11-33
escort Sgt Beltz, CO Tillinghost, Miller, Sandrosky
Thrall, Rebedlini

Exhibit

O

DATE. January 15, 2014

TO: ~~J.T. DONAHUE~~

FROM: S. J. Wenderlich, Superintendent

RE: DESIGNATION TO CONDUCT TIER III HEARING PROCEEDING IN THE CASE OF:

**KING, MARCUS - 12-A-1122**
Inmate's Name and DIN Number

Pursuant to Title 7, Chapter V, Section 254.1, the Superintendent may, if sufficient reason exist, designate personnel to conduct Tier III Proceedings on his behalf.

To date the following personnel have been so designated:

Deputy Superintendents (or their reliefs)
Captains (or their reliefs)
Civilian Hearing Officer from Central Office

In addition to the above designation, I am hereby designating other facility personnel to conduct such proceedings when the volume of pending cases is such to warrant assistance; namely Correction Lieutenants and Institution Stewards. Their designation however, will be restricted to specifically assigned cases.

In accordance with the above statements, and to ensure a timely completion of the Tier III Proceedings in the case of **KING, MARCUS - 12-A-1122** you are hereby designated to conduct said hearing.

_____        _1-15-14_
Superintendent or Designee               Date

------------------------------------------------------------------------------------------------------

On _1/24/14_ a Tier III hearing was held on the above named inmate by the above named hearing officer:

The following was the disposition:

8 month SHU
8 Loss of Pkg?
8 Less of comm
8 Less of phone
3 months loss of all units
6 months rec- loss of good time

Hearing Reviewed By: _____        Date: _1-28-14_
Superintendent or Designee

DO NOT COPY

# SOUTHPORT CORRECTIONAL FACILITY

## DISCIPLINE OFFICE

### MEMORANDUM

TO:        Hearing Officer _155 (HMNM)_

FROM:    Discipline Office

RE:        Inmate Name: _Kirts M_

DIN No: _12A1122_        Cell: _A-7-11_

Incident Date: _2/10/13_        Time: _11/5_

DATE:    _1-24-14_

Inmate: Please sign below to acknowledge receipt of the following documents pertaining to the above incident:

```
_____    Unusual Incident
_____    Use of Force
_____    To/Froms
_____    Log Book Entries
__✓__    Hearing Disposition
__✓__    Witness Interview Form(s)  #2176
_____    Hearing Extension
__✓__    Appeal Form #2178A
_____    Other - Specified Document  _____
           _____
           _____
```

_Rlsd to sign_
Inmate's Signature

_12A1122_
DIN No.

_1-24-14_
Date

_130_
Time

_R. Masten_
Serving Officer's Signature

**DO NOT COPY**

15

_**HEARING OFFICER:  TO BE PLACED IN HEARING PACKET**_

Exhibit

P

THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

JOSEPH BELLNIER
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

REVIEW OF SUPERINTENDENT'S HEARING

NAME: KING, MARCUS                    NO. 12A1122

HEARING FACILITY: SOUTHPORT

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF NOVEMBER 1, 2013,   HAS BEEN REVIEWED AND REVERSED ON JANUARY 9, 2014.

COMMENCE AND COMPLETE REHEARING WITHIN 14 DAYS OF RECEIPT OF THIS NOTICE.

_____ALBERT PRACK_____
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES
    M. LOOMIS, ITHACA PLS

APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL HOUSING/INMATE DISCIPLINE PROGRAM.

DO NOT
COPY

DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

JOSEPH BELLNIER
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

M E M O R A N D U M

TO:     SUPERINTENDENT STEPHEN J WENDERLICH
        SOUTHPORT CORRECTIONAL FACILITY

FROM:   ALBERT PRACK, DIRECTOR
        SPECIAL HOUSING/INMATE DISCIPLINE

DATE:   JANUARY 9, 2014

RE:     REVERSAL OF SUPERINTENDENT'S HEARING

INMATE/NUMBER              DATE OF HEARING           DATE OF INCIDENT

KING, MARCUS               NOVEMBER 1, 2013          OCTOBER 10, 2013
#12A1122                   BY TANEA
                           @ SOUTHPORT C.F.

        THE ABOVE-NOTED SUPERINTENDENT'S HEARING HAS BEEN REVERSED AND A
REHEARING ORDERED ON **JANUARY 9, 2014,**    FOR THE FOLLOWING REASON(S):

            FAILURE TO MAINTAIN A COMPLETE ELECTRONIC RECORD
            (CO TILLINGHAST TESTIMONY). COMMENCE AND COMPLETE REHEARING WITHIN
            14 DAYS OF RECEIPT OF THIS NOTICE.

        PLEASE DO NOT HESITATE TO SHARE THIS INFORMATION WITH THE HEARING
OFFICER WHO CONDUCTED THE HEARING OR ANY OTHER APPROPRIATE STAFF MEMBER.

DO NOT
COPY

18

Exhibit D

FORM 2176 (07/02)

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**

## WITNESS INTERVIEW NOTICE (For Superintendent's & Disciplinary Hearings)

_____ Correctional Facility

**Inmate Name (Print)** _Kina Marcus_     DIN# _1 Z A 11 Z Z._

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference: Directive #4932, Sections 253.5 and 254.5.

**Requested witness:** _____
- ☐ Permission to call the requested witness is denied.
- ☑ Requested witness will testify outside inmate's presence.
- ☐ Inmate is not permitted to review requested witness's testimony.

Date: _1/24/14_  Explanation: _____

---

**Requested witness:** _____
- ☐ Permission to call the requested witness is denied.
- ☑ Requested witness will testify outside inmate's presence.
- ☐ Inmate is not permitted to review requested witness's testimony.

Date: _1/21/1_  Explanation: _____

---

**Requested witness:** _____
- ☐ Permission to call the requested witness is denied.
- ☑ Requested witness will testify outside inmate's presence.
- ☐ Inmate is not permitted to review requested witness's testimony.

Date: _1/23/1_  Explanation: _____

---

**Signature** _____     _____     _____     _____
Hearing Officer               Inmate               DIN               Date Received

Distribution: Original - Hearing Record  Copy - Inmate

DO NOT COPY

Exhibit R

REVIEW OFFICER   _Y   GANTERY
REVIEW DATE   01/10/14 TIER 3
C.R. DATE 03/02/2022 M.E. DATE 04/24/2024

1) NAME KING, MARCUS                    DIN    12A1122 LOCATION OA-07-011
2) INCIDENT DATE  10/10/13   INCIDENT TIME  11:15 AM
3) INMATE WAS NOT  CONFINED
4) INMATE          RELEASED AT REVIEW
5A) SERVING OFFICER __O (COX)_____ SERVING DATE/TIME _1_/10_/14 __:2_15_Pn
5B) RELEASED FROM PREHEARING CONFINEMENT? N1A
    AUTHORIZED PERSON _____N/A_____ DATE AUTHORIZED __N)/A__
6) ASSISTANT NAME  SGT  Chapman
7) INTERVIEW DATE  1/14/14    INTERVIEW TIME 9:30 An
8) EXTENSION NUMBER  14 21 0929_____ (IF APPLICABLE)
9) IF APPLICABLE, CHECK REQUIRED DRUG TESTING FORMS PROVIDED TO INMATE
   PURSUANT TO DIRECTIVE 4937 OR 4938
   TEST REQUEST FORMS  ✓  TEST PROCEDURE FORMS ✓
   TEST RESULT FORMS  ✓  APPENDIX C ___  OTHER (SPECIFY) _____
10) INMATE  IS  ENGLISH SPEAKING
    A) IF NOT, WERE CHARGES TRANSLATED AND SERVED TO INMATE? N/A
    B) INTERPRETOR AT HEARING _____ N/A
11) HEARING BEGIN:DATE 1/23/14  TIME 12:00PM END:DATE 1/24/14  TIME 3:00PM.
12) CHARGES: SPECIFY INMATE'S PLEA TO THE CHARGES CONSIDERED AT THE HEARING
    CHARGE                                                  INMATE'S
    NUMBER       DESCRIPTION OF CHARGES        REPORTED BY    PLEA
    113.25    DRUG POSSESSION          CO   J ROBINSON       N·G
    113.10    WEAPON                   CO   L. TILLINGHAST   N.G
    114.10    SMUGGLING                CO   L. TILLINGHAST   N.G.


SIGNATURE OF INMATE ___ Refused To Attend Hearing
                    DATE 1/23/14   TIME 12:00P
13) WITNESSES:  IF NONE REQUESTED, CHECK HERE _____.
    A) REQUESTED BY INMATE        TESTIFIED        IN INMATE'S PRESENCE
       Bell  03R4563              Y___ N _ refused   Y___ N _
                                  Y___ N___          Y___ N___
       CO Robinson               Y _ N___           Y___ N _ 2176
       CO Tillinghast            Y _ N___           Y___ N _ 7176
                                  Y___ N___          Y___ N
    B) REQUESTED BY HEARING OFFICER   TESTIFIED      IN INMATE'S PRESENCE
       Sgt Speights.             Y _ N___           Y___ N _ VIA phone
                                  Y___ N___          Y___ N_  2176
                                  Y___ N___          Y___ N___
                                  Y___ N___          Y___ N___
                                  Y___ N___          Y___ N___

*NOTE* IF ANY WITNESS IS DENIED OR IF A REQUESTED WITNESS TESTIFIES OUTSIDE THE
 PRESENCE OF THE INMATE CHARGED, AND/OR THE INMATE IS NOT PERMITTED TO
 REVIEW TESTIMONY OF SUCH WITNESS, FORM 2176 EXPLAINING THE REASON FOR THAT
 DETERMINATION MUST BE GIVEN TO THE INMATE AND INCLUDED AS PART OF THE RECORD.

HEARING OFFICER SIGNATURE _____

DO NOT COPY

***SUCCESSFUL PRINT COMPLETION**

## STATE OF NEW YORK  -  DEPARTMENT OF CORRECTIONAL SERVICES
## SOUTHPORT CORRECTIONAL FACILITY
## SUPERINTENDENT  HEARING  DISPOSITION  RENDERED

DIN:    12A1122          NAME:  KING. MARCUS          HEARING DATE:     1/24/13

A.  STATEMENT OF  EVIDENCE  RELIED UPON:

The written report and testimony of Officers Tillinghast and Robinson.  Upon being pat frisked, Officer Tillinghast felt a bulge in your rectal area.  A strip frisk was then authorized and conducted by Officer Tillinghast.  During the frisk the Officer did observe that you had a white package between your buttocks.  Officer Tillinghast ordered you to hand the package to him and you complied.  In the package was green leafy substance that Officer Robinson tested and found it to be positive for marijuana .2 grams..  Also in the package was a razor type weapon (ceramic) wrapped in paper and tape that was constructed as a holster and handle. That weapon measured 1.5" long x 3/8" wide.  UI # 13-0056 was reviewed and considered during this hearing.  You stated to Sergeant Speights that you were not going to attend the hearing and gave no reason why.  You did state to just deliver the disposition when complete. I did go to your cell and you still refused to testify and come out for this hearing.

B.  REASON  FOR  DISPOSITION:

To deter you and all others from this behavior.  Possessing any contraband and attempting to smuggle that contraband is a serious offense. In this case you possessed marijuana and a ceramic weapon.  In your short time incarcerated you have had 6 serious T-3 misbehavior reports 3 drug charges, 2 weapons charges and one gang charge.  Other dispositions have not produced the desired effect to change your behavior therefore a more significant sanction will be imposed as a result.  If this type of behavior continues, or similar serious misbehaviors like this one continue a more severe penalty can be imposed.  This Hearing Officer has the obligation to protect all staff and inmates from your violent behavior therefore significant SHU time is warranted

C.  SPECIAL  INSTRUCTION  ON  VISITATION  OR  CORRESPONDENCE  RESTRICTIONS,  REFERRALS  OR  SPECIAL
    EVENT  LOSS:

3 months loss of all visits from all visitors.

I HAVE  RECEIVED A COPY  OF  THIS  HEARING  DISPOSITION DATED:                          January 29, 2014

_____   ___Refused to attend___   _____
HEARING OFFICER SIGNATURE              INMATE  SIGNATURE              DATE  & TIME RECIEVED

YOU  ARE  HEREBY  NOTIFIED  OF  THE  FOLLOWING  APPEAL  PROCEDURES:

_____   FOR TIER II HEARING-APPEAL TO SUPERINTENDENT WITHIN 72 HOURS.

__X___   FOR TIER III  HEARING-APPEAL TO COMMISSIONER WITHIN 30 DAYS.

DO NOT COPY

SOUTHPORT                                                    TAPE NUMBER  /5/-023

DIN: 12A1122 NAME: KING, MARCUS                              LOCATION: OA-07-011

INCIDENT DATE & TIME:      10/10/13   11:15 AM    TIER 3

REVIEW DATE:               01/10/14               BY:  LT   GANTERT

DELIVERY DATE & TIME:      01/10/14   02:15 PM    BY:  CO   COON

HEARING START DATE & TIME:  1 /23/2014 1:20 pm  BY:  DSS  LAMANNA

HEARING END DATE & TIME:    1 /23/2014 _:_ pm  BY:  DSS  LAMANNO
WAS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y / (N)

| CHARGE NUMBER | DESCRIPTION OF CHARGES | REPORTED BY | DISPOSITION |
|---|---|---|---|
| 113.10 | WEAPON | CO  L. TILLINGHAST | G |
| 114.10 | SMUGGLING | | G |
| 113.25 | DRUG POSSESSION | CO  J ROBINSON | G |

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . 11 |
|---|---|---|---|---|---|---|---|
| K-00 | SHU | 8 | 2/17/14 | 10/17/14 | | | |
| Dcd | LOSS OF REC | | | | | | |
| R00 | Loss of Pho | 8 | 3/15/14 | 11/15/14 | | DO NOT | |
| F/00 | Loss of Comm | 8 | 3/15/14 | 11/15/14 | | | |
| b100 | Loss of Phone | 8 | 3/15/14 | 11/15/14 | | COPY | |
| L/EU | Loss of M Visits | 3 mnth | | | | | |
| HUP | Rec - loss of Good Time 6 mnths | | | | | | |

Exhibit S

NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES

_Southport_ CORRECTIONAL FACILITY

REQUESTED INMATE WITNESS REFUSAL TO TESTIFY
IN TIER II/TIER III DISCIPLINARY HEARING

I, _KING_ , _M_ , hereby refuse to testify
   NAME         DIN
on behalf of _KING_ , _M_ , in his/her Tier II/Tier III
         NAME       DIN
hearing for a misbehavior report of _____ for the following
                          DATE
reason(s). Circle number that applies and give specific reason for refusing to testify.

    1.    I do not want to be involved (explain) _____
               _____
               _____

    2.    I do not know enough about specific incident to provide relevant
               testimony (explain) _____
               _____

    3.    Other (specify reason) _____
               _____

_Refused to Sign_         _1/23/14_
SIGNATURE                DATE

_____      _____
EMPLOYEE SIGNATURE          DATE
**************************************************************
I specifically asked _King , M 12A1122_ to provide a reason for his/her refusal to

testify and he/she refused to provide further information.

_M. Speights, SGT_        _1/23/14_    DO NOT
EMPLOYEE SIGNATURE         DATE       COPY

X _E. Jayne/_ co



FORM 3105A (7/11)     STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | DIN | Date of Birth | Facility Name |
|---|---|---|---|
| King, Marcus | 12A1122 | 11-3-86 | Southport |

**Subjective:** AMSC
Requesting to see the doctor.

**Objective:** c/o HA and back pain x2 weeks and motrin not working.

**Assessment:** A+O x3, gait stable. Adls normal.

**Plan:** To MD/PA for review

Last Name _King_
DIN _12A1122_   Location _10 DA8_
Date _10/07/13_   Time _AMSC_
Provider Orders:

✓BP
Cont Motrin

Signature/Provider # _Shelker_ (RN) Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** Block Call Out
wt 210
— 10/10/13 - C block
**Objective:** Allegations related to shower
BP 146/88 — "beaten by 2 CO's"
**Assessment:** — "bend over @ 90° angle"
**Plan:** 97.8 — "chipped tooth"
P 72

Last Name _King_
DIN _12A1122_   Location _DA8_
Date _10/28/13_   Time _10:30 AM_
Provider Orders:

Signature/Provider # _WKC008_ _____ RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** — CO's put finger in
— "rectum cavity"
**Objective:** — "took underwear off"
**Assessment:** Exam: no indication of recent or old trauma
**Plan:**

Last Name _____
DIN _____   Location _____
Date _10/28/13_   Time _____
Provider Orders: No need for
Outside
ED visit.

MHU ref issued ✓

Signature/Provider # _WKC008_ _____ RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.

Exhibit U

FORM 3105A (7/11)        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name *King Marcus* | DIN *12A1122* | Date of Birth *11 3 86* | Facility Name *630* |
|---|---|---|---|

Subjective: *inj clinical visit*
*Hx clinical CTC*
*for involuntary fields*

Objective: *C*

Assessment: *no pivally a change of mouth*

Plan: *dental rf*

Signature/Provider # ___

Last Name ___
DIN ___  Location *DAS*
Date *11 13 13*  Time *Aij*

Provider Orders: *dental*

RN Transcribing Order/Provider #/Date/Time ___

---

Subjective: *Olo Back - pain x 7 months - first Wee to free - stand sitting pre hand Stretches check with*

Objective: *movement —*
*distention with flexion*

Assessment: *laying on back can't do extension unable to tolerate*

Plan: *inmate would like body check/trans incident 10/28/13 seen by MD will continue currel OTC until tomorrow*

Signature/Provider # *SPRECHSENT # RN*

Last Name *King, Marcus*
DIN *12A1122*  Location *DHS*
Date *11/21/13*  Time *Anse*

Provider Orders: *Dreken OIC HC*

*Xray - LS spine*
*/ plant*
*11-22-13*
*WEC108*

RN Transcribing Order/Provider #/Date/Time ___

---

Subjective: */o skin problem on feet.*

Objective: *Requesting Dental Care.*
*NAD*

Assessment:

Plan: *Given AFC for feet*
*Dental protocol followed for dental care.*

Signature/Provider # ___

Last Name *KING*
DIN *12A1122*  Location *D-8*
Date *12/5/13*  Time *AMSC*

Provider Orders: *AFC #3*

RN Transcribing Order/Provider #/Date/Time ___

Continue entry into next box if necessary.

FORM 3105A (7/11)   STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

Name: _King_
DIN: _12A1122_
Date of Birth: _1/3/86_
Facility Name: _680_

Subjective: See 3/17/14.

Objective: — c/o pain forearm to hand, R side.

Assessment: • R hand DOM, c/o weakness, but no motion of ADL deficit

Plan: • States he did use flexeril, see refills appears to have been compliant, little relief
• HA R middle finger injection. States R hand dominant.

Last Name _____
DIN _____   Location _A 8 3_
Date _5/6/14_   Time _____
Provider Orders:

Signature/Provider # _M. WL - 255_   RN Transcribing Order/Provider #/Date/Time _____

Subjective: ² States OTC motrin R helpful but would being willing to try other NSAID.

Objective:

Assessment:

Plan: please advise
call at

Last Name _continued_
DIN _12A1122_   Location _____
Date _5/6/14_   Time _____
Provider Orders:

5/6/14

Signature/Provider # _M. WL - 255_   RN Transcribing Order/Provider #/Date/Time _____

Subjective: c/o Headaches — and back pain active on morphine due to active disease

Objective:

Assessment:

Plan: OTC + acute MD consult follow up - sick call

Last Name _King_
DIN _12A1122_   Location _B9-3_
Date _05/19/14_   Time _cnw_
Provider Orders:
1) motrin OTC # DC instruction accurate with
2) tylenol OTC # DC instruction

Signature/Provider # _Starr BSLN #740_   RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.

FORM 3105A (7-11)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name  *King, Marcus* | DIN  *12A1122* | Date of Birth  *11/3/82* | Facility Name  *SH* |
|---|---|---|---|

Subjective: c/o HA on rt side of head.

Objective: ? sinus / allergies

Last Name *King, Marcus*

DIN *12A1122*   Location *B 9.3*

Date *5-25-14*   Time *A*

Assessment: No visual signs of distress

Provider Orders:

CTM -

Plan: did req. to go out to recreation
15 minutes
25

Signature/Provider # *HW*  _____ RN Transcribing Order/Provider #/Date/Time _____

---

Subjective:

Objective:

Assessment:

Plan:

Last Name _____

DIN _____ Location _____

Date _____ Time _____

Provider Orders:

Signature/Provider # _____ RN Transcribing Order/Provider #/Date/Time _____

---

Subjective:

Objective: .

Assessment:

Plan:

Last Name _____

DIN _____ Location _____

Date _____ Time _____

Provider Orders:

Signature/Provider # _____ RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.



# Arnot*Health*

## Radiology Services



Arnot Ogden Medical Center
600 Roe Avenue
Elmira, NY 14905

St. Josephs Hospital
555 St Joseph's boulevard
Elmira, NY 14904

Ira Davenport Memorial Hospital
7571 State Route 54
Bath, NY 14810

Troy Radiology Services
45 Mud Creek Road
Troy, PA 16947

*12A/122*                    *DB-19*

Printed - 12/12/2013  6:59:44AM        **REPORT OF RADIOLOGY SERVICE**                Page 1

---

**Patient: KING, MARCUS**                 Location:  PREO            Bed:
**MRN:**    563480                  Ordering MD:  Canfield, Wesley
**DOB:**    11/03/1986

Exam Date              Accession #        Procedure/Reason For Study

12/11/2013             **10437855**       Lumbar Spine / pain

---

## *** Final Report ***

Study: AP and lateral views of the lumbar spine 1045 hours 12/11/2013 comparison studies none.

HISTORY: Pain.

FINDINGS: No fracture, subluxation, or significant disc space narrowing.

Signing Radiologist:  Taylor MD, Thomas (ARFL)   12/11/2013   2:07PM   Dictated on:  2013/12/11 14:07:02.13

---

Referring MD:  Canfield, Wesley
Attending MD:  Canfield, Wesley
Admitting MD:  Canfield, Wesley

REVIEWED BY (Init.) ___ / 12/18/13 _____ DATE

☑ NO ACTION IS REQUIRED AT THIS TIME

☐ REPORT TO SICK CALL

☐ FOLLOW UP WILL BE ARRANGED WITH A PRIMARY PROVIDER

☐ FOLLOW UP WILL BE ARRANGED WITH A SPECIALIST

☐ NOTIFICATION FORM COMPLETED AND DISTRIBUTED

SP033 (02/03)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**SOUTHPORT CORRECTIONAL FACILITY**
HEALTH SERVICES
**SICK CALL RESPONSE**

**TO:** _K I N G_ _____  _12 A 11 72_  _D - 15_
                  Name                         DIN                 Location

**FROM: Southport Health Services, Nurse:** _M_ _____

**DATE:** _12/24/15_ _____

**RE:** **Response to your sick call request  (and/or)**
       **Notification of Laboratory/X-ray test results**

_____ Your request for dental services has been forwarded to the Dental Department

_____ You have been scheduled to see the Nurse Practitioner or Medical Doctor in the near future.

_____ You have been scheduled to see the Optometrist per HSPM 1.3 *Vision Care*.

_____ You have been scheduled for lab services as indicated.

_____ You have been scheduled for an x-ray as indicated.

___✓___ Your laboratory / X-ray *(circle one)* results have been reviewed by the Nurse Practitioner and/or the Medical
       Doctor.  The results were essentially normal.  If you have any questions or concerns about this test or your
       health, you should request to be seen at sick-call.   _12/11/12_

Comments: _____

_____

_____

_____

_____

Routing:
Original:  Inmate
Copy:      Medical Record



NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.   12226-2050

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

JOSEPH BELLNIER
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

REVIEW OF SUPERINTENDENT'S HEARING

NAME:   KING, MARCUS                     NO.   12A1122

HEARING FACILITY:   SOUTHPORT

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

JANUARY 23, 2014,   HAS BEEN REVIEWED AND AFFIRMED ON APRIL 8, 2014.

Ithaca Regional Office
Prisoners' Legal Services of NY

APR 11 2014

_____ALBERT PRACK_____
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES
    M. LOOMIS, PLS ITHACA

APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.



H.  "Body Cavity Search": (See Division of Health Services Policy Manual, Item Number 1.37, "Body Cavity Searches," Attachment E)

1.  Definition: A body cavity search means a physical examination of an inmate's anal and/or genital cavities by a Physician.

2.  Authorization:

   a.  Single inmate: A body cavity search may not be performed except upon the explicit authorization of the Superintendent, Acting Superintendent, or Facility Officer of the Day.

   The Superintendent, Acting Superintendent, or Facility Officer of the Day shall not authorize a body cavity search without having first been advised of all circumstances and will base the decision upon evaluation of those circumstances, with particular consideration of the intrusiveness of a body cavity search after consultation with a Central Office Physician. A body cavity search shall be conducted by a Facility Physician under Central Office Physician guidance.

   b.  More than one inmate: In instances when a body cavity search is requested or suggested for more than one inmate in a single incident, the Superintendent, Acting Superintendent, or the Facility Officer of the Day must gain authorization from the Deputy Commissioner for Correctional Facilities or, during non-business hours, the Departmental Officer of the Day.

   c.  The Deputy Commissioner for Correctional Facilities or the Departmental Officer of the Day shall not authorize a body cavity search without having first been advised of all circumstances and will base the decision on evaluation of those circumstances, with particular consideration of:

      (1)  The intrusiveness of a body cavity search,

      (2)  The number of inmates to be searched,

      (3)  The imminence and seriousness of the danger of the contraband,

      (4)  The likelihood that the contraband was secreted in the body cavities and has not been disposed of, and

      (5)  The possible use of less intrusive searches, to either discover the contraband or a narrowing of the group to be searched.

3.  Application: A body cavity search may be authorized only in circumstances where there are compelling reasons to believe that the inmate or inmates to be searched have secreted contraband in a rectal/vaginal cavity, the nature of which constitutes a clear threat to the safety and security of the facility and/or a threat to the safety and well-being of any person. Compelling reasons are limited to:

   a.  A foreign object's presence is indicated by a metal detector but is not visible during a strip frisk;

   b.  A foreign object is observed to be present during a strip frisk;

   c.  Intelligence information possessed by facility administration and/or staff indicates the probability of the presence of contraband in the body cavities of the inmate or inmates to be searched; or

   d.  Probable presence of contraband in the body cavities of the inmate or inmates to be searched is indicated by other observations such as unusual gait, indications of discomfort, particularly while walking or sitting, unusual posture, etc.

4.   Procedure

a.   This search shall be conducted in accordance with professional standards and in compliance with the Health Services protocol (see Attachment E) regarding body cavity searches which provides, in pertinent part: This procedure shall be conducted by a Facility Physician under Central Office Physician guidance. The examination must be accomplished in an appropriate examining room using acceptable aseptic techniques for such an exam, i.e., draping, positioning, explanation of the procedure to be performed. One Correction Officer of the same sex as the inmate must be present as a witness.

b.   Prior to conducting a body cavity search, the Physician must explain the process to the inmate and the inmate must be given the opportunity to yield the contraband voluntarily. If the search is for a specific item which is voluntarily yielded, the search shall not continue. Force should not be used to complete a body cavity search.

c.   Every precaution shall be taken to ensure as much privacy as is possible under the circumstances.

d.   On all occasions that a body cavity search is conducted, the incident must be reported, through the unusual incident process under incident type #22, by specifying body cavity search, to the Department's Communication Control Center with the follow-up submission of the required Unusual Incident Report (see Directive #4004, "Unusual Incident Report").

I.   "Radiological Detection Search"

1.   Definition: A radiological detection search means an internal search of the inmate's person via the use of equipment such as X-rays.

2.   Authorization: A radiological detection search will be performed only with the express authorization of the Superintendent, Acting Superintendent, or Facility Officer of the Day, and only after consultation with the facility's Health Services Director or his or her designee to ensure that such a search will not be injurious to the inmate's health.

The Superintendent, Acting Superintendent, or Facility Officer of the Day shall not authorize a radiological detection search without having first been advised of all circumstances and will base the decision upon evaluation of those circumstances, with particular consideration given to the sensitivity of a radiological detection search.

3.   Application: A radiological detection search may be authorized only in circumstances where there are compelling reasons to believe that the inmate or inmates to be searched have secreted in their bodies contraband, the nature of which constitutes a clear threat to the safety and security of the facility and/or a threat to the safety and well-being of any person.

J.   "Native American Medicine Bag Search"

1.   A Native American shall hold his or her medicine bag open for visual inspection by the Correction Officer. If the inmate is not present or if special security concerns exist (e.g. the Native American inmate refuses to open the medicine bag or threatens, assaults or attempts to assault staff or other inmates; or the inmate or the medicine bag pose a threat to the safety and security of the facility), then the medicine bag may be held open by the Chaplain. If the Chaplain is not available, the bag shall be secured by the Correction Officer in an area designated by the Deputy Superintendent for Security until the Chaplain is present. If exigent circumstances exist, however, the Superintendent may authorize the search of a bag without a Chaplain, provided a Lieutenant or higher ranking Officer is present when the bag is opened for visual inspection.

2.   A medicine bag may be scanned at any time with a metal or other electronic detector.

3.   The contents of a medicine bag may be tested for illegal substances if contraband is suspected, pursuant to the provisions of Directive #4938, "Contraband Drug Testing."



STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**DENTAL TREATMENT RECORD**

Name: KING, MARCUS

DIN: 12A1122

| DATE (MO/DA/YR) | TOOTH NUMBER | ADA Class | DIAGNOSTIC - TREATMENT - REMARKS | DENTIST SIGNATURE |
|---|---|---|---|---|
| APR 25 2012 | | | RECORD REVIEW-ATTICA C.F. | J. R. CORTESE, DDS |
| JUL 2·4 2012 | | | TRANSFERRED FROM ATTICA C.F. | |
| 7 30 12 | | | ARRIVED AT ___ RT | LISA HAYTH, R.D.H. |
| 7 30 12 | | II | RECORD Review          MA | R.J. HAAG, DMD |
| 2 19 13 | | | TRANSFERRED FROM SOUTHPORT J22 | LISA HAYTH, R.D.H. |
| 2 26 13 | | | ARRIVED GREAT MEADOW C.F. | S. JAMES DENTAL ASSISTANT |
| 2 28 13 | | | CHART REVIEW | HARI M. IYER, DDS |
| 4 9 13 | | | ARRIVED AT SOUTHPORT | LISA HAYTH, R.D.H. |
| 4 9 13 | | II | Record Review | R.J. HAAG, DMD |
| 7-1-13 | | | Health History Update | |
| | | | Caudin/Scale/Polish | |
| | | | Supra/Sub present | |
| | | | all lower lengual - OHI | |
| | | | given nac pasting | LISA HAYTH, R.D.H. |
| 11 20 13 | po | # I | Exam, PerioSEE OHI x4 2o ; 1.00 X / usep | |
| | 9 | | I + Sealetch Flowable A2  dust    ank | |
| | 2 | | 0 + Sealetch Flowable A2 | |
| 12 30 13 | | II | Exam, PerioOSC 2 BWXR OHI | R.J. HAAG, DMD |
| | | I | Impulron filling list    MA | R.J. HAAG, DMD |
| 1 2 14 | | | Health History Update | |
| | | | Caudin/Scale/Polish | |
| | | | Supra present OHI given | |
| | po | # | nac pasting | LISA HAYTH, R.D.H. |
| 6 23 14 | 18 | I | Exam, oNEE x4 2o c 1.00 X2 cusps OHI | |
| | 18 | | O - DY Col Amse | |
| | 19 | | O - DY Col Amse | R.J. HAAG, DMD |
| 7 3 14 | | | Health History Update | |
| | | | Caudin Scale Polish | |
| | | | Slight Sup - OHI given | |
| | po | # | nac pasting | HAYTH, R.D.H. |

United States District Court
Western District of NEW York
Markus King #12A1122
                    Plaintiff,
                                              -CV-
            Against                     Certificate
Stephen Wenderlich, et al:                  Of
            Defendants.                 Service


        I, Markus King, does hereby affirm under the
penalties of perjury pursuant to 2S U.S.C. § 1746 The following
to be true and Accurate:

[1.] I mailed by placing in U.S. Postal mail box: (i). Affirmed
Verified Complaint, (ii). appendix with attached Exhibits,
(iii). Memorandum of Law, and (iV). Disputed Material
facts

ORiginal To: Clerk, U.S. District Court
             Western District Court house
             100 State Street
             Rochester, N.Y. 14614

Copy To: DEbra L. Martin, Assistant Attorney General
         144 Exchange BLVD
         Rochester, N.Y. 14601

                Respectfully Submitted,
Dated: August 11. 2014
Dine City, N.Y. 14871                     Markus King
                                          - Signature -