UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARKUS KING,

                                 Plaintiff,


                                                        Case # 14-CV-6491-FPG

v.

                                                        DECISION & ORDER


STEPHEN WENDERLICH, et al.,

                                 Defendants.


# INTRODUCTION

*Pro se* plaintiff Markus King ("Plaintiff") brings this action under 42 U.S.C. § 1983 based on alleged violations of his constitutional rights while incarcerated at Southport Correctional Facility, a prison administered by the New York State Department of Corrections and Community Supervision ("DOCCS").

In lieu of answering Plaintiff's complaint, Defendants Wenderlich, Prack, Tillinghast, Robinson, Tenea, LaManna, Kelly, and Belz (collectively, "Defendants") filed a motion in which Defendants sought "an order pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, granting an order of dismissal in favor of Defendants."  ECF No. 17 ("Defendants' Motion").  For the reasons stated below, Defendants' Motion is denied without prejudice.


# DISCUSSION

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, and will be granted if the plaintiff has failed to "state a claim upon which relief can be granted."  Fed. R. Civ. P 12(b)(6).  The Court reviewing a motion to dismiss under Rule 12(b)(6) "must accept as

1

true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).   Matters outside the pleadings may not be considered when deciding a motion under Rule 12(b)(6).   *See* Fed. R. Civ. P. 12(d).

On the other hand, a defendant who files a motion for summary judgment under Rule 56 tests the sufficiency of the plaintiff's evidence.   Rule 56 explicitly states that a party moving for summary judgment must "identify[] each claim or defense--or the part of each claim or defense-- on which summary judgment is sought."   Fed. R. Civ. P. 56(a).   A court reviewing a motion under Rule 56 "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   *Id.* Unlike a motion to dismiss under Rule 12(b)(6), parties arguing the merits of a motion for summary judgment under Rule 56 must cite to particular parts of material in the record.   Fed. R. Civ. P. 56(c)(1).   Material cited to prove or dispute a fact under Rule 56 must be capable of being presented as evidence in an admissible form.   Fed. R. Civ. P. 56(c)(2).

Although a motion for summary judgment may be filed "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), summary judgment is generally not appropriate until after some discovery has occurred.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that Rule 56 allows for the entry of judgment against a party who, "after adequate time for discovery," has failed to establish the existence of a genuine dispute as to an essential element of that party's case).   Indeed, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000); *see also Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party

should not be 'railroaded' into his offer of proof in opposition to summary judgment.") (citing *Celotex*, 477 U.S. at 326) (quotations in original).

Here, Defendants' Motion was filed in lieu of an answer,[1] prior to any discovery.  ECF No. 17.  Although it is labeled a "Motion for Summary Judgment" on the docket, Defendants' Motion appears to rely on both Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure in some unspecified combination.  *Id.*  The Notice of Motion indicates that Defendants are seeking "an order pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, granting an order of dismissal in favor of Defendants."  ECF No. 17, at 1.  The "Preliminary Statement" section of the memorandum of law states that "Defendants submit this memorandum of law in support of their motion to dismiss/motion for summary judgment in lieu of an answer." ECF No. 17-5, at 1.  The memorandum also includes boilerplate language regarding the legal standard under both rules 56 and 12(b)(6), without specifying which arguments should be analyzed under Rule 56 and which should be analyzed under Rule 12(b)(6).  ECF No. 17-5, at 6-8.  The Motion was filed with certain hallmarks of a motion for summary judgment, such as a Rule 56 Statement of Undisputed Facts and the notice to *pro se* litigants required by *Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001) and L.R. Civ. P. 56(b).  ECF Nos. 17-1, 17-2.  Defendants do not cite to any material outside the pleadings in the facts section of their Memorandum, ECF No. 17-5, at 2-6, but do frequently cite to material outside the pleadings in making their arguments.  ECF No. 17-5, at 10-16.  The heading for each of Defendants' arguments states that the claim at issue "should be dismissed," not that summary judgment should be granted as to that claim.  *Id.*

---

[1]    Although Defendants appear to believe that a motion for summary judgment filed in lieu of an answer stays the deadline for filing a responsive pleading under Rule 12(a) of the Federal Rules of Civil Procedure, "it is far from clear that it does so."  *See Fowler v. Fischer*, No. 13-CV-6546-FPG, 2016 U.S. Dist. LEXIS 16278, at *4 n.2 (W.D.N.Y. Feb. 10, 2016).  Nevertheless, the Court will exercise its discretion and allow Defendants to file a responsive pleading within 21 days of this decision.

The jumbled nature of Defendants' Motion is problematic for several reasons.  Other than the fact that they would like the Court to "grant[] an order of dismissal in favor of Defendants," ECF No. 17, at 1, Defendants have provided little in the way of clarification as to what standards are applicable to their arguments.  It is unclear whether the Defendants want this Court to analyze each of Defendants' arguments under both the Rule 56 and Rule 12 standards, analyze some arguments under the Rule 56 standard and others under the Rule 12 standard, or analyze all of Defendants' arguments under only one standard.  The confusion caused by Defendants' Motion is especially problematic in this case, where Plaintiff is litigating *pro se* and is expected to respond to Defendants' arguments using the correct legal standard.

As a motion for summary judgment, Defendants' application is insufficient because it fails to "identify[] each claim or defense--or the part of each claim or defense--on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  The Motion is also deficient because it was filed prematurely.  Although in certain limited circumstances a motion for summary judgment prior to discovery may be appropriate, *see Parra v. Wright*, No. 11-CV-6270 CJS, 2013 WL 6669235, at *7 (W.D.N.Y. Dec. 18, 2013) (considering one portion of the defendants' motion for summary judgment because "the facts regarding Plaintiff's efforts at exhaustion are not disputed, and it does not appear that any amount of discovery would change the outcome of that portion of the application"), that is not the case here.  Rather, Defendants' Motion "appears to be an attempt to nullify the well-pleaded factual allegations in Plaintiff's Complaint after conducting one-sided discovery." *Crawford v. Hughes*, No. 13-CV-6638, 2016 WL 1276473, at *5 (W.D.N.Y. Mar. 30, 2016) (quoting *Fowler,* 2016 U.S. Dist. LEXIS 16278, at *4; *see also Houston v. Sheahan*, 6:13-CV-6594, 2016 U.S. Dist. LEXIS 16350 (W.D.N.Y. Feb. 10, 2016); *Reyes v. Wenderlich*, 6:14-CV-6338, 2016 U.S. Dist. LEXIS 15442 (W.D.N.Y. Feb. 9, 2016).  Defendants do not provide any argument for why this is one of the "rarest of cases" where

summary judgment may be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.  *Hellstrom*, 201 F.3d at 97.

Defendants' Motion also cannot be reasonably understood as a motion to dismiss under Rule 12(b)(6), because Defendants cite to material outside the pleadings throughout their arguments.  As explained above, matters outside the pleadings may not be considered when deciding a motion under Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(d).  The only way for the Court to consider the material provided by Defendants at this stage of the litigation would be to treat Defendants' motion as one for summary judgment under Rule 56, *see id.*, which is unacceptable for the reasons just described.

Because Defendants' Motion fails to identify the standards applicable to their arguments, and cannot properly be understood as either a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56, it is denied without prejudice.  In the future, the Court urges Defendants' counsel to "determine the basis for [its] motion, and draft the supporting papers to accurately and consistently reflect the same."  *Parra*, 2013 WL 6669235, at *4.  The Court also advises Defendants' counsel that this type of procedurally improper, untimely, catch-all motion unfairly confuses the issues for *pro se* litigants and is a considerable drain to scarce judicial resources.  While the Court has discretion to allow Defendants a second bite at the apple, it is under no obligation to do so.  *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004).

**CONCLUSION**

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 17) is DENIED WITHOUT PREJUDICE.   Defendants are directed to file a responsive pleading within 21 days of this decision.

IT IS SO ORDERED.

Dated: September 7, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court