UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

MARKUS KING,

                                Plaintiff,                      Case # 14-CV-6491-FPG

v.                                                           DECISION AND ORDER

STEPHEN WENDERLICH, et al.,

                                Defendants.
───────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Markus King brings this civil rights action against Defendants Stephen Wenderlich, Albert Prack, Louis Tillinghast, Jeffrey Robinson, Tenea, Jamie M. LaManna, John Doe, Sean T. Kelley, and Gary Bels pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that, while he was incarcerated at Southport Correctional Facility, Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment through sexual abuse and the use of excessive force, his right to due process, his First Amendment right to practice his religion, and his right to seek redress of grievances without retaliation. ECF No. 1 at 6-15. On January 8, 2018, Defendants moved for partial summary judgment and on January 24, 2018, Plaintiff responded in opposition to Defendants' motion. ECF Nos. 63, 65. For the reasons that follow, Defendants' motion (ECF No. 63) is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). While the court must view the inferences to be drawn from the facts in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).

The non-moving party may defeat the summary judgment motion by making a showing sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, "mere conclusory allegations or denials" are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).

Because Plaintiff is proceeding *pro se,* his submissions are read liberally and interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (citation omitted). Nevertheless, proceeding *pro se* does not relieve a litigant from the usual summary judgment requirements. *See Wolfson v. Bruno*, 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011).

## DISCUSSION

Plaintiff's Complaint includes numerous causes of action: that Tillinghast made an inmate yell during Plaintiff's prayers in violation of his First Amendment rights; that, after Plaintiff complained to Wenderlich, Tillinghast and Kelly retaliated against him by searching him in the shower and sexually abusing him; that Tillinghast and Robinson wrote false misbehavior reports about this incident; and that Plaintiff's due process rights were violated at the two disciplinary hearings following the misbehavior reports. ECF No. 1 at 4-15. Defendants argue that they are

entitled to summary judgement on some claims: the official capacity, denial of religion, retaliation, due process, and false misbehavior report claims, and thus argue that all claims against Defendants Wenderlich, Tanea, LaManna, Prack, and Robinson should be dismissed. ECF No. 63-1 at 19.

## I. Official Capacity Claims

Plaintiff sues Defendants in their individual and official capacities. The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). States are not "persons" under § 1983 and § 1983 does not abrogate Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) (state officers acting in their official capacities are not "persons" since they assume the identity of the government that employs them). Thus, a plaintiff may sue a defendant in his official capacity only if he consents to be sued. *Pennhurst*, 465 U.S. at 199-201. Here, because Defendants have not consented to be sued, the Eleventh Amendment bars Plaintiff's suit against them in their official capacities. Accordingly, all claims against Defendants in their official capacities are DISMISSED WITH PREJUDICE.

## II. Unexhausted Claims

Defendants argue that Plaintiff did not raise certain claims in the only grievance he filed with respect to the allegations set forth in his Complaint, and that those claims must be dismissed as unexhausted.

Under the Prison Litigation Reform Act ("PLRA"), an inmate must exhaust his administrative remedies before bringing a claim. *See* 42 U.S.C. § 1997e. "[E]xhaustion is

mandatory under the PLRA and [] unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks omitted).

Defendants argue that Plaintiff did not exhaust his religious liberty and retaliation claims. ECF No. 63-1 at 6. In the Complaint, Plaintiff alleges that he complained to Wenderlich that Tillinghast sexually abused him during a pat frisk, and that Tillinghast then "instructed [a confidential] informant to yell and scream at Plaintiff." ECF No. 1 at 5. The only grievance that Plaintiff filed and appealed to completion was Grievance SPT-57471-13, which is attached to the Complaint as Exhibit "I." ECF No. 1-3 at 46-49; ECF No. 63-1 at 7.

In the grievance, Plaintiff alleges impropriety during an October 10, 2013 search that is the basis for many of the claims in Plaintiff's Complaint. This grievance discusses that search and the resulting disciplinary hearings, but it does not refer to the prior encounter with Tillinghast or his verbal complaint to Wenderlich, which Plaintiff now alleges was the basis of the retaliation. The grievance also does not allege that Defendants interfered with Plaintiff's prayers.

In response to Defendants' assertion that these claims are unexhausted, Plaintiff argues only that his verified Complaint sets forth sufficient facts and that Wenderlich signed off on the grievance at issue. ECG No. 65 at 3-4.

Because Plaintiff's only grievance in this case does not refer to the retaliation or the denial of religious liberty alleged in his Complaint, those claims are unexhausted. Even under the loose exhaustion standard that once prevailed in some Circuits, "a grievance that does not give officials notice of the nature of the inmate's grievance does not afford the officials the opportunity the PLRA requires." *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated by Woodford*

*v. Ngo*, 548 U.S. 81, 93 (2006) (holding "that the PLRA exhaustion requirement requires proper exhaustion" including compliance with all procedural rules). Here, Plaintiff offers no excuse for failing to exhaust his administrative remedies as to these claims.

Plaintiff has not established that a genuine issue of material fact exists with respect to the non-exhaustion of his retaliation and denial of religious liberty claims. Thus, he is precluded from maintaining those claims in this action pursuant to the PLRA. *See Mckinney v. Prack*, 170 F. Supp. 3d 510, 518 (W.D.N.Y. 2016). Accordingly, Defendants' summary judgment motion as to Plaintiff's retaliation and denial of religious liberty claims is GRANTED.

### III. Claims Regarding Plaintiff's Two Disciplinary Hearings

#### A. Overview

Plaintiff asserts that Tanea and LaManna violated his due process rights at the two disciplinary hearings conducted on the misbehavior reports issued after the October 10, 2013 search. ECF No. 1 at 10-13. Specifically, Plaintiff argues that Tanea "failed to pose any questions regarding the prior altercation to inmate Bell" at the first disciplinary hearing. *Id.* at 11. He also asserts that Tanea denied his request to call other inmate witnesses and refused to let him question Tillinghast about the prior altercation before concluding that Plaintiff was guilty of the alleged misconduct. *Id.* The first disciplinary hearing was reversed and a new hearing was ordered on January 9, 2014. *Id.*

LaManna conducted the second disciplinary hearing. Plaintiff alleges that the relevant misbehavior report was defective because it did not give Plaintiff adequate notice of the location, date, and time of the incident, or specify Plaintiff's "actual connection to the drugs tested," "detailed knowledge" of that connection, and "suspected drug testing information." *Id.* at 11-12. Plaintiff alleges that Robinson, who tested the drugs, was not present when the drugs were seized

5

and thus "never ascertained the facts relevant to the incident." *Id*. at 12. Plaintiff also alleges that LaManna refused to provide him with documents on the scientific basis of the tests. *Id*. Plaintiff argues that LaManna violated his due process rights when he conducted the hearing without Plaintiff, because LaManna did not "investigate for himself whether guards were lying when they alleged Plaintiff refused to attend." *Id*. Plaintiff alleges that LaManna committed the same violations that Tanea did concerning Plaintiff's witnesses. *Id.* at 12-13. Finally, Plaintiff alleges that LaManna improperly took testimony on January 24, 2014, which violated the directive that the hearing be conducted within 14 days. *Id*. at 13.

## B. The First Hearing

The first hearing was reversed because some of Tillinghast's testimony was not recorded and thus prevented proper administrative review. ECF No. 63-1 at 9; Prack Decl. ¶ 34. A new hearing was ordered. The outcome of the first hearing was vacated before Plaintiff was detained as a result of this misbehavior report, because he was confined to the Special Housing Unit ("SHU") for other violations and did not serve SHU time on the misbehavior report until February 17, 2017. ECF No. 63-1 at 11; ECF No. 1 at 76.

Any alleged due process violations from Plaintiff's first hearing were rendered moot by the vacatur of that hearing's findings. *See generally*, *Forman v. Mount Sinai Med. Ctr.*, 128 F.R.D. 591, 604 (S.D.N.Y. 1989). Plaintiff was not aggrieved by any procedural shortfalls of the hearing, because the outcome was vacated before Plaintiff was held as a result of the proceeding. Because Plaintiff only served SHU time based on the second hearing, only the due process violations that allegedly occurred at the second hearing are relevant.

**C. The Second Hearing**

Plaintiff refused to appear at the second hearing, to sign the refusal form, and to sign the appeal or refusal forms when the result of the hearing was provided to him. LaManna was the designated hearing officer, and Plaintiff chose a hearing assistant, and requested that inmate Bell testify and Tillinghast and Robinson be interviewed. ECF No. 63-3 at 6-7.

At the time of the hearing, inmate Bell refused to testify and Plaintiff refused to attend. *Id.* at 7-8. LaManna took testimony from Sergeant Speights indicating that Plaintiff refused to attend and otherwise conducted the hearing "as if [Plaintiff] were there." *Id.* at 8. Based on Tillinghast and Robinson's testimony, LaManna found Plaintiff guilty of the alleged misbehavior violations and of weapon and drug possession. *Id.* at 10. Plaintiff was provided with the result of the hearing and appeals forms, which he refused to acknowledge. *Id.* Plaintiff also would not sign the refusal forms. *Id.*

Plaintiff argues that LaManna "performed exactly each and every violation as defendant Tanea" and effectively refused to call inmate Bell as a witness, and that Tillinghast and Robinson's testimony was "contradictory." ECF No. 1 at 13. He further argues that, by proceeding on the second day of the hearing, January 24, 2014, LaManna exceeded the 14-day limit for the rehearing, which he argues began on January 9, 2014. *Id.*

**D. Legal Standard**

An inmate facing disciplinary hearings that may result in a sufficiently serious penalty to implicate a liberty interest are entitled to the following due process protections:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).

Plaintiff first claims that the misbehavior report denied him due process because it did not give sufficient notice of the charges against him. The Court finds that Plaintiff was not denied due process on these grounds. The misbehavior report provides ample notice of the allegations against Plaintiff. *See* ECF No. 1-3 at 62. It includes the time and date of the alleged misbehavior, October 10, 2013 at 11:15, and the location, "C11 shower." *Id*. The report advises Plaintiff that he is accused of possessing a "ceramic razor type weapon" and "green leafy material." *Id*. Plaintiff's reliance on alleged discrepancies between the misbehavior report and the log book showing the timing of his transfer to D block (ECF No. 65 at 3) goes to the sufficiency of the proof against him, not the sufficiency of the notice of the charges. *See, e.g., Sira v. Morton*, 380 F.3d 57, 71 (2d Cir. 2004) (noting that often "one discrepancy in a misbehavior report can be excused because other details provided adequate notice of the conduct at issue").

Plaintiff argues that LaManna violated his due process rights by not personally going to his cell to determine whether Sergeant Speight was lying when she testified that Plaintiff refused to attend. The Second Circuit has held that "an inmate may waive the right to attend his disciplinary hearing by refusing to attend after receiving notice and being given an opportunity to attend." *Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015). In fact, an inmate who wishes to attend may nonetheless waive the right to attend through his conduct, such as leaving the hearing and refusing to return. *Id*. Even there, it is sufficient for the hearing officer to send a guard to the inmate's cell to verify the information received. *Id*. It is not required that the hearing officer personally interview the inmate to verify what he learned via testimony from other prison officials. Thus,

8

Plaintiff has not presented a genuine issue of material fact as to his claim that LaManna violated his due process rights by not verifying that Plaintiff refused to attend the hearing.

Plaintiff next complains that LaManna violated his right to call inmate Bell as a witness. "The Second Circuit has recognized that 'if a witness will not testify if called, it cannot be a 'necessity' to call him.'" *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 377 (W.D.N.Y. 2005) (quoting *Silva v. Casey*, 992 F.2d 20, 22 (2d Cir. 1993)). Even assuming that Plaintiff properly exercised his right to call Bell, he offers only speculation that Bell "was either never called as a witness or even 'threatened' by defendants not to testify on plaintiff's behalf at the second hearing." ECF No. 65 at 3. However, "speculation alone is insufficient to defeat a motion for summary judgment." *McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 215 (2d Cir. 2006). Plaintiff has not established a genuine issue of material fact as to his claim that LaManna violated his due process rights by not calling inmate Bell as a witness.

Plaintiff claims that the evidence of his misbehavior was insufficient, that Tillinghast and Robinson's testimony was contradictory, and that log book evidence contradicted Tillinghast's testimony. However, the "Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the [hearing officer]." *Hill*, 472 U.S. at 457. Rather, in determining matters of sufficiency, this Court's function is to determine "whether there is any evidence in the record that could support the conclusion" the hearing officer reached. *Id.* at 472. Here, even according to Plaintiff's allegations, there was more than sufficient evidence to permit the hearing officer to credit Tillinghast and Robinson's testimony. Plaintiff does not dispute that these witnesses accused him of the misconduct alleged, he merely claims that their testimony was false. There was clearly record evidence, however, to support the conclusion LaManna reached.

9

Thus, Plaintiff has not established a genuine issue of material fact as to his claim that the result of the disciplinary hearing violated his due process rights.[1]

Plaintiff's refusal to attend the second disciplinary hearing is fatal to his remaining due process claims. "The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). Plaintiff's decision not to attend his hearing means that his remaining complaints—that proof was taken beyond the 14-day rehearing limit and that he was not provided with documentation of the scientific principles underlying the drug testing—were not raised. *See, e.g. Rosales v. Bennett*, 297 F. Supp. 2d 637, 639 (W.D.N.Y. 2004) ("Where an inmate's federal claims arise directly out of a disciplinary or administrative segregation hearing, on the other hand (*e.g.*, a claim of denial of procedural due process), he exhausts his administrative remedies by presenting his objections in the administrative appeals process.") (internal quotation marks omitted).

Moreover, neither alleged flaw represents a due process denial. The requirement that the second disciplinary hearing be completed within 14 days of receipt of the notice (ECF No. 63-3 at 17) was not clearly violated, as it is uncertain when the notice was received. Futher, "[t]o establish a procedural due process claim in connection with a prison disciplinary hearing, an inmate must show that he was prejudiced by the alleged procedural errors, in the sense that the errors affected

---

[1] Even if Plaintiff could establish a violation of his due process rights, the loss of good time credits would present a bar to proceeding with his claims. In addition to the time that Plaintiff spent in SHU and attendant sanctions, Plaintiff lost good time credits, which impacts the overall length of confinement. When a litigant makes a constitutional challenge to a determination that affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477 (1994) (an inmate's claim for damages resulting from due process violations during his criminal trial was not cognizable under § 1983 until the conviction or sentence was invalidated on direct appeal or by a habeas corpus petition). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court "made clear that *Heck's* favorable termination rule applies to challenges made under § 1983 to procedures used in disciplinary proceedings that deprived a prisoner of good-time credits." *Peralta v. Vasquez,* 467 F.3d 98, 103 (2d Cir. 2006) (citing and discussing *Edwards,* 520 U.S. at 641).

10

the outcome of the hearing." *Hinton v. Prack*, No. 9:12-CV-1844 LEK/RFT, 2014 WL 4627120, at *2 (N.D.N.Y. Sept. 11, 2014). Robinson's testimony one day beyond the 14-day limit did not prejudice Plaintiff. Plaintiff also was not present to receive documentation of the scientific principles underlying the drug testing, thus he was prejudiced only by his decision to refuse to attend the hearing.

Finally, Plaintiff's due process claims against Wenderlich and Prack are derivative of the above claims, and must likewise be dismissed with prejudice. *See Black v. Selsky*, 15 F. Supp. 2d 311, 318 (W.D.N.Y. 1998) ("[B]ecause [the plaintiff]'s claims against [the hearing officer] are meritless and [the defendant]'s alleged wrongdoing was based on his affirming [the hearing officer]'s determination, there is no basis for the claims against [the defendant] either.").

### E. False Misbehavior Report

Plaintiff also claims that the two disciplinary hearings were the result of false misbehavior reports. However, a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). Thus, an assertion that a corrections officer provided false testimony at a disciplinary hearing, in and of itself, does not state a cognizable due process claim. A potential constitutional violation would arise if Plaintiff were not provided adequate due process in the proceeding, but then the claim would be based on the conduct of the hearing and not on the truth or falsity of the testimony. *See Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997) (affirming dismissal on the basis that "the issuance of a false misbehavior report does not rise to the level of a constitutional violation"). Because Plaintiff has not raised a genuine issue of material fact as to a due process violation, his false misbehavior report claims are DISMISSED WITH PREJUDICE.

11

**CONCLUSION**

For the reasons stated, the Court finds that there are no genuine issues of material fact as to Plaintiff's retaliation, denial of religious liberty, or due process claims. Accordingly, Defendants' Motion for Partial Summary Judgment (ECF No. 63) is GRANTED and those claims are DISMISSED WITH PREJUDICE. Because all claims against Defendants Wenderlich, Tanea, LaManna, Prack, Robinson, and John Doe[2] have been dismissed, the Clerk of Court will terminate these Defendants as parties to this action.

The parties are directed to appear on September 5, 2018 at 3:00PM to set a trial date for Plaintiff's remaining claims.

IT IS SO ORDERED.

Dated: August 8, 2018
       Rochester, New York

                                     HON. FRANK P. GERACI, JR.
                                     Chief Judge
                                     United States District Court

---

[2] Plaintiff's suit against confidential informant John Doe—who has not been identified or served—is nonetheless impacted by the determination dismissing all religious liberty claims, because those are the only claims asserted against him.